John P. MAGGARD, Petitioner-Appellant,

v.

FLORIDA PAROLE COMMISSION, Respondent-Appellee.

No. 79–2835.

United States Court of Appeals, Fifth Circuit.

May 9, 1980.

As Modified on Denial of Rehearing July 10, 1980.

Stephen P. Smith, III, Jacksonville, Fla. (Court-appointed), for petitioner-appellant.

Charles A. Stampelos, Dept. of Legal Affairs, David P. Gauldin, Asst. Atty. Gen., Tallahassee, Fla., for respondent-appellee.

Before VANCE and SAM D. JOHNSON, Circuit Judges, and THOMAS *, District Judge.

PER CURIAM:

This is an appeal from an order granting the Florida Parole Commission's motion to dismiss a petition for a writ of habeas corpus that was brought pursuant to 28 U.S. C.A. § 2254. The district court adopted the magistrate's report and recommendation to dismiss the petition after conducting an independent review that included a consideration of the supplemental responses submitted by both petitioner and respondent. We agree with the district court and the magistrate that this appeal is moot, and therefore affirm.

In his petition, Maggard does not challenge his 1967 felony conviction for the crime of escape, but only the revocation of his parole in 1973 from that conviction. He was sentenced to a ten-year term of imprisonment for the 1967 conviction, and subsequently paroled by the Florida Parole Commission on October 17, 1972. His habeas corpus petition alleges that certain due process violations occurred during the subsequent parole revocation proceedings held in February 1973. After his parole was revoked on February 7, 1973, with an effective date of January 23, 1973, he remained in prison until February 28, 1975, when he was mandatorily, conditionally released from the ten year sentence imposed in 1967. That ten year sentence expired on April 19, 1978. The 1975 mandatory conditional release was revoked in July 1977, but petitioner Maggard does not assert that any consti-

tutional infirmity exists in the parole revocation proceedings that took place in 1977. Maggard is presently confined in the State of Florida for the capital crime of murder in the first degree. He was found guilty on March 31, 1977, and he received a sentence of death for that capital felony conviction on April 8, 1977.

The issue of mootness in a habeas corpus proceeding turns on the substantiality of any present "collateral consequences" that may stem from the alleged illegal detention. *Carafas v. LaVallee,* 391 U.S. 234, 238, 88 S.Ct. 1556, 1559, 20 L.Ed.2d 554 (1968). In this case, Maggard's 1967 conviction expired in April 1978, and he has not shown a definite, substantial relationship between the revocation of his parole in 1973 and the sentence currently being served. The record shows that petitioner Maggard has had several other prior convictions in addition to his 1967 conviction for escape. *Blackburn v. United States Parole Board,* 429 F.2d 364 (5th Cir. 1970); *Diehl v. Wainwright,* 423 F.2d 1108 (5th Cir. 1970). Furthermore, the district court considered the supplemental responses filed by the parties after the entry of the magistrate's report. Those responses and accompanying documents reveal that the Florida state trial court based its decision to impose Maggard's present sentence upon proof of aggravating circumstances that did not include evidence of any prior conviction or parole revocation.

AFFIRMED.

---

* District Judge of the Southern District of Alabama, sitting by designation.