Ronnie ESCOBEDO, Petitioner-Appellant,

v.

W. J. ESTELLE, Jr.,
Respondent-Appellee.

No. 80–1500
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Sept. 8, 1981.
Rehearing Denied Oct. 28, 1981.

Ronnie Escobedo, pro se.

Gilbert J. Pena, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

ON PETITION FOR REHEARING

Before GEE, RUBIN and RANDALL, Circuit Judges.

PER CURIAM:

I.

Our original opinion in this case, *Escobedo v. Estelle*, 650 F.2d 70 (5th Cir. 1981), was issued on July 6, 1981. Through a petition for rehearing, the State only now informs us that on June 10, 1981—after the case was submitted to us but before it was decided—the Texas Court of Criminal Appeals reversed Escobedo's 1977 conviction and sentence on grounds entirely unrelated to the 1970 conviction that he challenges in this habeas corpus action and that was originally used to enhance his sentence for the

1977 conviction. *Escobedo v. State,* 620 S.W.2d 590 (Tex.Cr.App.1981).

We fail to see any connection between this fact and the question of whether Escobedo exhausted his state remedies with respect to the 1970 conviction. As we noted in our original opinion, 650 F.2d at 73–74 & n.8, Escobedo was not attempting to attack the 1977 conviction through federal habeas corpus, and the sole question presented by the district court's opinion and the parties' briefs was whether Escobedo had satisfied the exhaustion requirement of 28 U.S.C. § 2254 (1976) when he collaterally attacked his 1970 conviction in a state-court habeas corpus proceeding.

■ The State takes issue with our conclusion, 650 F.2d at 71, that Escobedo's federal habeas challenge to his 1970 conviction is not moot as a matter of federal law. The State suggests that our discussion of this point was "dictum that is gratuitous, unfair, and inaccurate" because it "raise[d] an issue never pleaded in the court below and not briefed by either party on appeal." This contention is absolutely frivolous. That mootness goes to the heart of the federal courts' subject-matter jurisdiction under article III, section 2 of the Constitution, and that we are bound to ascertain whether we possess that subject-matter jurisdiction whether it is challenged by the litigants or not, are both propositions too familiar to require citation of authority.

1. Mootness and the "in custody" requirement are distinct inquiries. See note 5 *infra.*

2. The primary statutory source of the federal courts' habeas corpus power provides in pertinent part as follows:
    (c) The writ of habeas corpus shall not extend to a prisoner unless—
    . . . .
    (3) He is *in custody* in violation of the Constitution or laws or treaties of the United States; . . . .
    28 U.S.C. § 2241 (1976) (emphasis added). Also relevant is 28 U.S.C. § 2254(a) (1976), which provides that the federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United

## II.

■ The reversal of Escobedo's 1977 conviction does, however, raise a substantial jurisdictional issue that was not presented by the facts addressed in our original opinion, and that, once again, we are required to consider *sua sponte.* While cases such as *Sibron v. New York,* 392 U.S. 40, 57, 88 S.Ct. 1889, 1899, 20 L.Ed.2d 917 (1968), make absolutely clear that Escobedo's federal habeas attack on his 1970 conviction is not made *moot* by the fact that he has completed his four-year sentence for that conviction,[1] the *Sibron* line of cases does not answer the question of whether Escobedo has satisfied the "in custody" requirement of the federal habeas corpus statutes.[2]

■ Other precedent provides only a partial answer to that question. At the time Escobedo filed his federal habeas corpus petition, his incarceration under the 1977 conviction may well have been sufficient to satisfy the "in custody" requirement, notwithstanding the fact that he had already completed his sentence for the 1970 conviction. We held in *Sinclair v. Blackburn,* 599 F.2d 673, 676 (5th Cir. 1979), *cert. denied,* 444 U.S. 1023, 100 S.Ct. 684, 62 L.Ed.2d 654 (1980), that " 'in custody' does not necessarily mean 'in custody for the offense being attacked.' Instead, jurisdiction exists if there is a positive, demonstrable relationship between the prior conviction and the petitioner's present incarceration."[3] We

States." (Emphasis added.) *See also* 28 U.S.C. §§ 2242, 2243, 2244, 2245, 2249, 2252 (1976) (all referring to "custody" or "detention").

3. *See also Brown v. Wainwright,* 447 F.2d 980 (5th Cir. 1971); *Diehl v. Wainwright,* 423 F.2d 1108, 1109 (5th Cir. 1970); *Cappetta v. Wainwright,* 406 F.2d 1238, 1239 (5th Cir. 1969). *Cf. United States ex rel. Marcello v. District Director of the Immigration & Naturalization Service,* 634 F.2d 964, 967–71 (5th Cir.) (discussing "in custody" requirement under 8 U.S.C. § 1105a's habeas provision), *cert. denied,* —— U.S. ——, 101 S.Ct. 3052, 69 L.Ed.2d 421 (1981); *Conner v. Pickett,* 552 F.2d 585 (5th Cir. 1977) (plaintiff under 42 U.S.C. § 1983 (1976) who sought damages for an allegedly

may assume, without deciding, that by virtue of the fact that the 1970 conviction had been used to enhance the sentence imposed for the 1977 conviction, there did exist at the time Escobedo filed his federal habeas petition the "positive, demonstrable relationship" between the 1970 conviction and the 1977 conviction under which he was then incarcerated.[4]

Now, however, Escobedo is no longer in custody pursuant to the 1977 conviction. Because the 1977 conviction and accompanying life sentence have been reversed by the Texas Court of Criminal Appeals, Escobedo's status with regard to the charges which underlaid that conviction is now that of a pretrial detainee. Had this been his status at the time he filed his federal habeas petition, he clearly could not have met the "in custody" requirement. The question now becomes whether we possess statutory jurisdiction simply because Escobedo may have satisfied the "in custody" requirement—albeit indirectly, and only through the relationship between the challenged 1970 conviction and the enhanced sentence for the 1977 conviction—at the time he *filed* his federal habeas petition.

Consistently with the *Sibron* line of cases, the Supreme Court held in *Carafas v. La-*

*Vallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), that a habeas petitioner's attack on the conviction pursuant to which he was in custody when he filed his petition was not made *moot* by the fact that he was released while his habeas petition was still pending: there were still substantial " 'disabilities or burdens [which] may flow from' petitioner's conviction [that gave him] 'a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him.' " *Id.* at 237, 88 S.Ct. at 1559 (quoting *Fiswick v. United States*, 329 U.S. 211, 222, 67 S.Ct. 224, 230, 91 L.Ed. 196 (1946); first brackets by *Carafas* Court). Continuing to address the "in custody" requirement of the federal habeas corpus statutes[5] —which was referred to by the Court as a more "substantial issue" than mootness in this type of case—the Court concluded that "once the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on [the petitioner's habeas corpus] application." *Id.* at 238, 88 S.Ct. at 1560.

We have frequently applied the *Carafas* rule to habeas cases in which the challenged conviction was the same conviction pursuant to which the petitioner was incarcerat-

---

illegal arrest was required to use federal habeas corpus as his exclusive initial remedy if he was "in custody" for habeas corpus purposes).

4. The State suggests that we should remand the case to the district court in order for Escobedo to make such a showing. The State contends that since Escobedo's trial counsel in his 1977 trial did not object to the use for enhancement purposes of the allegedly void 1970 conviction, there is no "positive, demonstrable relationship" between the 1970 conviction and the 1977 conviction pursuant to which Escobedo was incarcerated when he filed his suit: according to the State, the doctrine of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), would bar consideration by the federal courts of any connection the 1970 conviction might have had to the 1977 conviction. Given our disposition herein, we need not, and do not, reach this argument.

5. While both the mootness doctrine and the "in custody" requirement relate to the federal courts' subject-matter jurisdiction, the former, of course, derives from the "case or controversy" language of art. III, § 2 of the Constitution,

while the latter is a statutory prerequisite for the exercise of the habeas jurisdiction conferred upon us by Congress.

Courts have occasionally framed in "mootness" terms what in reality have been decisions that particular habeas petitioners could not satisfy the "in custody" requirement. *See, e. g., Maggard v. Florida Parole Comm'n*, 616 F.2d 890, 891 (5th Cir. 1980) (denying habeas relief on "mootness" grounds when petitioner could not show a definite, substantial relationship between the challenged revocation of parole and the sentence he was currently serving). *Carafas v. LaVallee*, however, treated mootness and the "in custody" requirement as analytically distinct issues. *See* 391 U.S. at 237–38, 88 S.Ct. at 1559. As we pointed out in *Sinclair v. Blackburn*, "the 'substantial issue' in such cases is not mootness but whether [the habeas petitioner] has satisfied the 'in custody' requirement necessary to establish federal habeas corpus jurisdiction." 599 F.2d at 675–76 (quoting *Carafas*, 391 U.S. at 238, 88 S.Ct. at 1559).

ed when he filed his petition in the district court.[6] The question presented by the case at bar, however, appears to be one of first impression. Essentially, it is this: may the rules of *Sinclair v. Blackburn* and *Carafas* be combined? That is, does a habeas petitioner satisfy the statutory "in custody" requirement when (1) he is no longer in custody pursuant to the conviction he attacks, and (2) he is no longer in custody pursuant to a conviction positively and demonstrably related to the conviction he attacks, although he was so in custody at the time he filed his petition? Despite broad language in *Carafas* and its progeny that might support such a holding,[7] we think that the rules of *Carafas* and *Sinclair v. Blackburn* cannot be so combined.

We note first that Escobedo does not fall within the literal language of the *Sinclair* rule: while he might still be able to demonstrate the existence of collateral consequences sufficient to keep his attack on the 1970 conviction from being declared moot, he clearly cannot demonstrate the key collateral consequence necessary to sustain federal habeas corpus jurisdiction—"a positive, demonstrable relationship between the prior conviction and the petitioner's *present* incarceration," *Sinclair*, 599 F.2d at 676 (emphasis added). But more fundamentally, none of the policies that prompted the *Sinclair* rule cut in Escobedo's favor. In the classic *Sinclair*-type case, the ongoing *effect* of the earlier conviction upon the petitioner is the same as if he were still directly incarcerated thereunder: regardless of the labels one uses to describe his situation, such a petitioner faces a more severe sentence precisely because of that earlier conviction. Thus, the *Sinclair* rule is consistent with the Supreme Court's consistent rejection of "interpretations of the habeas corpus statute that would suffocate the writ in stifling formalisms or hobble its effectiveness with the manacles of arcane and scholastic procedural requirements," *Hensley v. Municipal Court*, 411 U.S. 345, 350, 93 S.Ct. 1571, 1574, 36 L.Ed.2d 294 (1973).

■ By contrast, Escobedo's present incarceration is neither in form nor substance related to his 1970 conviction. Further, even any future connection between his incarceration and the 1970 conviction is purely speculative, given that at his new trial on the charges that underlaid the 1977 conviction, the state prosecutor may decide not to use the 1970 conviction for enhancement purposes.[8] Indeed, Escobedo may be acquitted altogether upon his retrial.[9] Finally, we must keep in mind the Supreme Court's admonition that

> [t]he custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty. Since habeas corpus is an extraordinary remedy whose operation is to a large extent uninhibited by traditional rules of finality and federalism, its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate.

*Hensley*, 411 U.S. at 351, 93 S.Ct. at 1574. Accordingly, we must decline to extend the *Sinclair* and *Carafas* rules to this situation. We hold that a habeas petitioner does not

---

6. *E.g., Farmer v. Strickland*, 652 F.2d 427, 429 (5th Cir. 1981), and cases cited therein.

7. *E.g., Davis v. Page*, 640 F.2d 599, 602 (5th Cir. 1981) (en banc) ("[i]f habeas jurisdiction exists at the outset of a case, it is not defeated by the applicant's subsequent release from custody").

8. As we understand Texas law, it affords state prosecutors discretion whether to allege prior convictions for enhancement purposes. *See* Tex. Penal Code Ann. § 12.42 (Vernon 1974); *Mays v. Estelle*, 505 F.2d 116, 118 (5th Cir. 1974).

9. We express no opinion as to whether Texas law on *res judicata* and related doctrines would bar Escobedo from urging anew, in his retrial and in any state-court appeals therefrom, that his 1970 conviction was void and hence cannot be used for enhancement purposes. As an initial matter, at least, state law governs whether any *res judicata* consequences attend the Texas Court of Criminal Appeals' denial of his state-court habeas petition.

meet the statutory "in custody" requirement when he is no longer (and was not at the time he filed his petition) in custody pursuant to the conviction he attacks, *and* neither is he presently in custody pursuant to another conviction that is positively and demonstrably related to the conviction he attacks; this is so despite the fact that he was in custody pursuant to the positively and demonstrably related conviction at the time he filed his petition.[10]

### III.

The petition for rehearing filed in the above-entitled and numbered cause is GRANTED. The judgment of the district court, which dismissed Escobedo's habeas petition without prejudice, is AFFIRMED.

SO ORDERED.

**10.** Accordingly, we do not address the State's suggestion, raised for the first time in its petition for rehearing, that because of the indirect effects Escobedo's federal habeas attack on his 1970 conviction might have on the pending state-court proceedings, his suit should be barred under the nonjurisdictional doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).