**Joseph SYLVESTER, Petitioner,**

v.

**Edward R. HAMMOCK, Chairman, New York State Board of Parole, and Attorney General of the State of New York, Respondents.**

**No. 81 C 1319.**

United States District Court, E. D. New York.

Sept. 25, 1981.

---

**54**

Joseph R. Sylvester, pro se.

John J. Santucci, Dist. Atty., Queens County, Kew Gardens, N. Y. by Michael J. Connolly, Asst. Dist. Atty., Kew Gardens, N. Y., for respondents.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

On February 22, 1977, petitioner pled guilty to criminal possession of stolen property in the second degree and was sentenced by the Supreme Court, Queens County, to a term of two to four years. According to the State's affirmation, petitioner's sentence, "including parole and conditional discharge," terminated on June 20, 1981. Now before this Court seeking a writ of habeas corpus, petitioner urges that his plea of guilty was involuntary and the indictment must be dismissed or the sentence set aside.

Petitioner alleges counsel informed him that after a conference with the trial judge, a plea bargain had been accepted by the judge and the assistant district attorney to the effect that the court would impose a sentence of one and one-half to three years in exchange for a plea of guilty. Further alleging that he relied on counsel's notification in entering his guilty plea, petitioner claims he was denied his right to receive the sentence for which his counsel bargained. Alternatively, petitioner argues that if no bargain were reached, he was denied effective assistance of counsel by virtue of his counsel's false assurance as to an existing promise.

Petitioner's judgment was affirmed by the Appellate Division, Second Department, and leave to appeal was denied by the New York Court of Appeals on February 28, 1978. Subsequently, petitioner moved for resentencing before the State Supreme Court, basing his appeal on the same alleged false representation which is presently before the Court. The motion was denied, and leave to appeal was denied by the Appellate Division, Second Department, and again by the New York Court of Appeals on October 24, 1980. Thus, petitioner's State remedies for the constitutional issues tendered have been exhausted.

The Supreme Court has recognized, in *Carafas v. LaVallee*, 391 U.S. 234, 237–38, 88 S.Ct. 1556, 1559, 20 L.Ed.2d 554 (1968), that habeas corpus petitions do not necessarily become moot after a prisoner has served his full sentence, basing its decision on the "collateral consequences" which may flow from convictions and extend beyond custody. Nevertheless, the Court is of opinion that the considerations behind the Supreme Court's decision have no bearing on the present petition. Rather, petitioner Sylvester presents a situation factually distinct from the one in *Carafas*. Accordingly, for the reasons discussed below, petitioner's application is dismissed as moot.

In *Carafas*, petitioner was convicted of burglary and grand larceny in New York State court, and his sentence was affirmed on appeal without opinion. Thereafter, petitioner sought habeas corpus relief in State and federal courts based on his contention that illegally obtained evidence was used against him at trial. The issue before the Supreme Court was whether petitioner Carafas' unconditional release from custody while appellate review of his application was pending created a barrier to federal jurisdiction over his petition.

Holding that Carafas' cause was not moot, the Supreme Court stated:

"In consequence of his conviction, he cannot engage in certain businesses; he cannot serve as an official of a labor union for a specified period of time; he cannot vote in any election held in New York State; he cannot serve as a juror. Because of these 'disabilities or burdens [which] may flow from' petitioner's conviction, he has 'a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him.' *Fiswick v. United States*, 329 U.S. 211, 222 [67 S.Ct. 224, 230, 91 L.Ed. 196] (1946). On account of these 'collateral consequences,' the case is not moot." *Carafas v. LaVallee, supra*, at 237–38, 88 S.Ct. at 1559 (footnotes omitted).

In the present case, Sylvester was convicted of a separate felony offense prior to the plea of guilty which he now challenges. Clearly, the impingement upon the civil rights of convicted felons with which the Supreme Court was concerned in *Carafas* is rendered meaningless in such a context. The civil disabilities and burdens the Supreme Court described simply would not be relieved by hearing petitioner's claim, because even if an evidentiary hearing was conducted which resulted in habeas relief, Sylvester would remain a felon branded by the civil disabilities stemming from his prior conviction.

The only concrete disability of which Sylvester could complain is not civil at all and therefore not the type of burden with which the Supreme Court was concerned in *Carafas*. New York Penal Law § 70.10 authorizes the sentencing court to impose a harsher sentence of imprisonment when the court finds that a person is a "persistent felony offender":

"2. Authorized sentence. When the court has found, pursuant to the provisions of the criminal procedure law, that a person is a persistent felony offender, and when it is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest, the court, in lieu of imposing the sentence of imprisonment authorized by section 70.00, 70.02, 70.04 or 70.06 for the crime of which such person presently stands convicted, may impose the sentence of imprisonment authorized by that section for a class A–I felony. In such event, the reasons for the court's opinion shall be set forth in the record." N.Y. Penal Law § 70.10.

Thus, a person who commits a felony after having been previously incarcerated for two separate felonies may, in the court's discretion, be sentenced to imprisonment for a minimum of 15–25 years and a maximum of life,[1] *if the court determines that this harsher sentence "will best serve the public interest."* If Sylvester commits another felony, and if the sentencing judge determines that extended incarceration and life-time supervision is appropriate, only then could he be conceivably "burdened" by the plea which he now challenges. Yet, the Court is of the view that quite a chasm separates the concepts of deprivation of civil rights possessed by law-abiding citizens and the "right" to be free from discretionary perusal by a trial judge of the risks to society which a particular convicted criminal poses.

Several federal courts have similarly distinguished *Carafas* and held habeas petitions moot when it appeared that the civil

1. See N.Y. Penal Law § 70.10, Practice Commentaries, at 220.

disabilities outlined by the Supreme Court did not exist in the circumstances of the case. In *Bjerkan v. United States*, 529 F.2d 125 (7th Cir. 1975), the habeas petitioner was convicted for refusing to report for induction into the armed forces, but then received a presidential pardon while appellate review on his petition was pending. In holding that the pardon restored petitioner's basic civil rights, negating the collateral consequences and mooting the appeal, the court stated:

> "Obviously, a pardon cannot erase the basic fact of conviction, nor can it wipe away the social stigma that a conviction inflicts. These, however, were not the 'collateral consequences' which concerned the Court in *Carafas*. The 'collateral consequences' noted in *Carafas* were of a *substantial nature*, consisting of deprivation of *a person's basic rights*, the right to work in certain professions, the right to vote and the right to serve on a jury." 529 F.2d at 126–27 (emphasis added).

Similarly, in *Maggard v. Florida Parole Comm'n*, 616 F.2d 890 (5th Cir.), *cert. denied*, 449 U.S. 960, 101 S.Ct. 372, 66 L.Ed.2d 227 (1980), the court held moot an appeal from denial of a petition challenging parole revocation proceedings where there appeared no substantial relationship between the parole revocation and the sentence being served by petitioner for a subsequent offense. The court stated that "[t]he issue of mootness in a habeas corpus proceeding turns on the *substantiality* of any present 'collateral consequences' that may stem from the alleged illegal detention." 616 F.2d at 891 (emphasis added). See also, *Wade v. Carsley*, 433 F.2d 68 (5th Cir. 1970); *Lambert v. Brown*, 435 F.2d 148 (9th Cir. 1970); *In re Kravitz*, 504 F.Supp. 43 (M.D.Pa.1980).

In light of the foregoing analysis and the supporting authority, the Court is of opinion that the determination against mootness in *Carafas* is not an immutable preclusion, but rather a rule which must be applied when the basic civil rights of a habeas petitioner are at stake. Such rights are not at stake for previously convicted felons,

when, as here, the only substantial collateral consequence remaining subsequent to petitioner's unconditional release will materialize in the circumstance that he chooses to disregard the law and commit another felony. Petitioner's application is therefore dismissed as moot.

SO ORDERED.