United States Court of Appeals,

Fifth Circuit.

No. 91-6109.

Lawrence Edward THOMPSON, Petitioner-Appellant,

v.

James A. COLLINS, Director, Texas Dept. of Criminal Justice, Institutional Division, Respondent-Appellee.

Jan. 21, 1993.

Appeal from the United States District Court for the Southern District of Texas.

Before REAVLEY, SMITH and EMILIO M. GARZA, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

I.

Lawrence Edward Thompson brought this habeas corpus action to challenge his 1974 Texas conviction for burglary. The district court dismissed the petition for lack of jurisdiction because Thompson was not "in custody" as required by 28 U.S.C. § 2254. We reversed and remanded for further proceedings, liberally construing Thompson's petition as a challenge to his 1978 conviction, which was enhanced by his 1974 conviction.[1] In reliance upon *Maleng,* we held that a prisoner meets the "in custody" requirement under these circumstances. *Maleng* holds that a prisoner may challenge a conviction for which he is presently incarcerated and which was potentially enhanced by an unconstitutional prior conviction. 490 U.S. at 492, 109 S.Ct. at 1925. At the same time, the Court held that a prisoner whose sentence has fully expired before he files his habeas petition does not meet the "in custody" requirement. *Id.*

On remand, the district court for the Northern District of Texas transferred the case to the Southern District of Texas, the proper venue for a challenge to the 1978 conviction. On September 13, 1991, the district court again dismissed Thompson's petition for lack of jurisdiction, holding that

---

[1]Our previous opinion referred to the 1978 action's being enhanced by a 1958 conviction. The panel apparently confused the facts of Thompson's case with those of *Maleng v. Cook,* 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (per curiam).

Thompson's sentence for his 1978 conviction had expired and that under *Maleng,* the district court no longer had jurisdiction because Thompson was no longer in custody. We granted Thompson a certificate of probable cause to appeal.

## II.

Thompson argues that the district court erred in dismissing his petition because his sentence had not expired at the time he filed his original petition. Relying upon *Maleng,* Thompson contends that he meets the "in custody" requirement so long as he was in custody when he filed his original petition. We disagree. *Maleng* merely restated the holding in *Carafas v. LaVallee,* 391 U.S. 234, 238, 88 S.Ct. 1556, 1559, 20 L.Ed.2d 554 (1968), in which the Court held that a petitioner who was in custody pursuant to a conviction when he filed his petition satisfied the "in custody" requirement even though he was released prior to completion of the litigation.

In *Escobedo v. Estelle,* 655 F.2d 613 (5th Cir. Unit A Sept.1981) (per curiam), we declined to extend the *Carafas* holding to a scenario similar to Thompson's. Escobedo had challenged a 1970 conviction used to enhance his 1977 conviction, for which he was incarcerated when he filed his petition. While the case was pending, Escobedo's sentence expired. We held that Escobedo no longer met the "in custody' requirement:

> ... [A] habeas petitioner does not meet the statutory "in custody" requirement when he is no longer (and was not at the time he filed his petition) in custody pursuant to the conviction he attacks, and neither is he presently in custody pursuant to another conviction that is positively and demonstrably related to the conviction he attacks; this is so despite the fact that he was in custody pursuant to the positively and demonstrably related conviction at the time he filed his petition.

*Id.* at 616-17.

We conclude that *Maleng* did not disturb this holding. *Maleng,* again, only restated the rule of *Carafas,* which we distinguished in *Escobedo.* The *Maleng* holding does nothing more than establish that a habeas petitioner meets the "in custody" requirement where he challenges a conviction used to enhance another conviction for which he is currently in custody. In this circuit, we first recognized this principle in *Sinclair v. Blackburn,* 599 F.2d 673, 676 (5th Cir.1979), *cert. denied,* 444 U.S. 1023, 100 S.Ct. 684, 62 L.Ed.2d 656 (1980). In *Escobedo,* we concluded that the rules in *Carafas* and *Sinclair* could not be combined. 655 F.2d at 616. Because *Maleng* does not affect

our *Escobedo* holding, we conclude that the district court properly dismissed Thompson's petition.

We need not decide whether Thompson's case became moot when his 1978 sentence expired. We observe only that the collateral consequences saving the petitioner's claim in *Carafas* from mootness do not seem to be implicated where, as here, the petitioner has been convicted of multiple felonies. Also, we express no opinion as to whether the present petition deprives the district court of jurisdiction in a parallel petition Thompson filed to attack his 1978 conviction.

We AFFIRM the judgment of the district court dismissing Thompson's habeas petition.