**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-30036
_____


CHRISTINA M. GOUDEAU,

Plaintiff-Appellant,

VERSUS

DENTAL HEALTH SERVICES, INC.,
d/b/a Landmark Dental Care,
JAMES L. JEANSONNE,
BARRY D. GATHRIGHT,
CLEVELAND C. CARPENTER III,
and MYRON D. CULBERSON,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Louisiana
(93-CV-449)
_____


August 29, 1997
Before JOLLY, SMITH, and DENNIS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


   Christina Goudeau appeals a FED. R. CIV. P. 11 sanction barring her from introducing the testimony of a witness at trial. We dismiss the appeal.

_____

   [*] Pursuant to 5TH CIR. R. 47.5, we have determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

This case arises out of Goudeau's employment as a dental assistant at Dental Health Services, Inc. ("Dental Health"). In 1990, Goudeau and another dental assistant, Darla Mickelborough, began to suspect that a management program Dental Health had purchased from a California consulting company was actually a vehicle of indoctrination for the Church of Scientology. According to Goudeau, when they expressed concern about this, they were discriminated against and, at least in her case, ultimately terminated.

Goudeau hired attorney Durward Casteel and filed a religious discrimination complaint with the EEOC, which assigned investigator Rosabela Miranda to the case. On July 10, 1992, Mickelborough came to Casteel's office and was interviewed over the telephone by Miranda. At the end of the interview, Casteel told Miranda and Mickelborough that he would have the tape of it transcribed and reviewed by Mickelborough for accuracy. Casteel subsequently made a number of substantive changes to the transcript and had Mickelborough approve it as altered, although without specifically indicating to her what he had changed.

Goudeau obtained a right-to-sue letter from the EEOC and filed suit against Dental Health in May 1993. Dental Health filed a motion to dismiss under FED. R. CIV. P. 12(b)(6), which the district court converted into a motion for summary judgment upon its consideration of material outside the complaint. In opposition to

3

the motion, Goudeau submitted an affidavit by Mickelborough to which the altered transcript was attached.

The "transcript," despite having been substantively changed in a number of places, still appeared in the question-and-answer form of an actual interview. Goudeau's counsel also submitted a separate affidavit in which he stated: "On July 10, 1992, I participated in a telephone conference with the EEOC investigator, Rosabela Miranda, and Darla Mickelborough, a former employee of [Dental Health]. Mrs. Mickelborough executed an affidavit which incorporated a transcript of that telephone conference." Both affidavits were sworn.

The district court denied the motion for summary judgment on February 22, 1994, and the case proceeded to discovery. On July 22, 1995, Dental Health deposed Mickelborough and discovered that the "transcript" that had been submitted in opposition to summary judgment was actually an embellished version of Mickelborough's interview. Dental Health moved for rule 11 sanctions on August 31. The district court submitted to a magistrate judge both the sanctions issue and the separate question of whether Dental Health was an "employer" within the meaning of title VII of the Civil Rights Act of 1964 § 701(b), 42 U.S.C. § 2000e(b).

On October 10, 1995, the district court dismissed the suit for lack of subject matter jurisdiction, adopting the magistrate judge's conclusion that Dental Health did not fall within title VII's definition of "employer." Goudeau filed a notice of

4

appeal from this judgment on November 6.  On December 4, the court adopted the magistrate judge's recommendation that the motion for sanctions be denied but ordered that "as a sanction for violating Rule 11, the plaintiff be barred from introducing the testimony of Darla Mickelborough, in any form, at any trial or evidentiary hearing in this matter.  On January 4, 1996, Goudeau entered a separate notice of appeal from that order.

We stayed Goudeau's first appeal (the one challenging the dismissal for lack of subject matter jurisdiction) when the Supreme Court agreed to hear *Walters v. Metropolitan Educ. Enters.*, 117 S. Ct. 660 (1997), a case presenting precisely the same issue as to title VII's definition of "employer" that had led the district court to dismiss the instant case.  After *Walters* was decided, the parties filed a joint motion to dismiss the first appeal pursuant to FED. R. APP. P. 42(b), which this court granted on April 17, 1997.  The core of the case is thus now back before the district court, and the previously-entered final judgment remains in place.  The second appeal, which was stayed pending the outcome of the first, is presently before this court.

II.

Although the parties have not briefed the issue, we have a continuing obligation to examine the basis of our jurisdiction. *See, e.g., Burt v. Ware*, 14 F.3d 256, 257 (5th Cir. 1994) (per

5

curiam). In particular, "[b]ecause of our limited jurisdiction, we must always be vigilant to ensure that we have subject matter jurisdiction, addressing the issue *sua sponte* if need be." *Ceres Gulf v. Cooper*, 957 F.2d 1199, 1207 n.16 (5th Cir. 1992).

"It has long been settled that a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). That is, "[a]n actual case or controversy must exist . . . when a suit is instituted and at all stages of appellate review in order to avoid mootness." *Brown v. Liberty Loan Corp.*, 539 F.2d 1355, 1358 (5th Cir. 1976). A question is moot, *inter alia*, when "an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party." *Church of Scientology*, 506 U.S. at 12 (quoting *Mills*, 159 U.S. at 653)).

The appeal of the dismissal for lack of subject matter jurisdiction——lack of an "employer" within the meaning of title VII, to be precise——has now itself been voluntarily dismissed, and the mandate has issued. The district court has taken no further action on the case, and the final judgment it entered in October 1995 remains in place. But the sanction Goudeau is appealing still goes only to the admissibility of Mickelborough's testimony at

6

*trial*, a trial that the final judgment indicates will never take place.  That is, so long as the final judgment remains intact, the sole effect of the sanction is to bar Goudeau from introducing testimony at a trial that will never happen, rendering her appeal of it moot.  Because mootness is jurisdictional, we therefore must dismiss the appeal.  *See, e.g., Escobedo v. Estelle*, 655 F.2d 613, 614 (5th Cir. Unit A Sept. 1981) ("[M]ootness goes to the heart of the federal courts' subject-matter jurisdiction under article III, section 2 of the Constitution, and [] we are bound to ascertain whether we possess that subject-matter jurisdiction whether it is challenged by the litigants or not . . . .").[1]

The appeal is DISMISSED for want of jurisdiction.

---

[1]  In the interest of judicial economy, we note that even were the final judgment reopened and the case placed back on the trial calendar, the sanctions would be non-appealable until the entry of a new final judgment.  This court has unambiguously held that rule 11 sanctions may not be appealed under the collateral order doctrine.  *See Schaffer v. Iron Cloud, Inc.*, 865 F.2d 690, 691-92 (5th Cir 1989); *Click v. Abilene Nat'l Bank*, 822 F.2d 544, 545 (5th Cir. 1987).  Although we have created an exception to this rule for certain appeals by sanctioned attorneys, *see, e.g., Chaves v. The M/V Medina Star*, 47 F.3d 153, 155-56 (5th Cir. 1995), it does not apply here.