**R E V I S E D**

**February 25, 1998**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-50147
_____

EDDIE LOUIS PLEASANT,

Petitioner-Appellant-Cross-Appellee,

v.

STATE OF TEXAS,

Respondent-Appellee-Cross-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
_____

February 20, 1998

Before KING, EMILIO M. GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:

Petitioner-Appellant-Cross-Appellee Eddie Louis Pleasant seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254, alleging that he is presently serving a federal sentence that was erroneously enhanced as a result of an invalid 1961 Texas robbery conviction. The district court dismissed Pleasant's petition on the merits, finding that it was futile in relation to his federal sentence. We vacate the judgment and remand the case to the

district court with instructions to dismiss it for lack of subject matter jurisdiction because Pleasant is no longer "in custody" of the State of Texas as required by § 2254.

## I. FACTUAL & PROCEDURAL BACKGROUND

Eddie Louis Pleasant pled guilty to robbery in Texas court in June 1961, and the court sentenced him to a term of imprisonment of five to nine years. Pleasant did not appeal that conviction, but in 1995 he filed an application for postconviction relief in state court, arguing that his 1961 guilty plea was involuntary as a result of the ineffective assistance of counsel. The Texas Court of Criminal Appeals denied his application for relief.

In 1992, Pleasant pled guilty in federal district court to possession of a firearm by a felon, and the court sentenced him to a term of imprisonment of 180 months followed by a five-year term of supervised release. This sentence was based, in part, on an enhancement pursuant to 18 U.S.C. § 924(e) that was applicable as a result of Pleasant's 1961 Texas conviction.[1] Pleasant appealed, and a panel of this court affirmed the district court's judgment of conviction and sentence.

---

[1] Section 924(e) states that a convicted felon who is found to be in possession of a firearm in violation of 18 U.S.C. § 922(g) is subject to an enhanced penalty if he "has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

2

Pleasant then filed a petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2255 arguing that (1) his federal trial counsel was ineffective for failing to investigate his prior Texas convictions before allowing him to plead guilty and (2) the district court's reliance on his two prior invalid convictions for sentencing enhancement purposes was a violation of his right to due process. A panel of this court dismissed Pleasant's petition, finding that he had failed to raise any nonfrivolous issues. See United States v. Pleasant, No. 94-50513 (5th Cir. Dec. 12, 1994) (unpublished).

Pleasant thereafter filed the instant petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254, alleging that he satisfies the statute's "in custody" requirement because his Texas conviction was used to enhance the federal sentence for which he is currently incarcerated. Respondent-Appellee-Cross-Appellant the State of Texas (the State) argued that the application should be construed as a § 2255 petition and that the warden of FCI Three Rivers, the federal institution where Pleasant currently is incarcerated, should replace the State as the respondent.

The district court declined to substitute the warden of FCI Three Rivers for the State because it determined that Pleasant's federal sentence cannot be challenged until the Texas conviction has been successfully challenged through a habeas corpus proceeding. It therefore assigned the matter to a magistrate

3

judge "for disposition of non-dispositive pre-trial matters and recommendations regarding case dispositive motions."

The State thereafter filed a motion for reconsideration and, alternatively, a motion to dismiss for lack of subject matter jurisdiction. The district court denied the State's motions, but nevertheless dismissed Pleasant's petition, holding that even a successful challenge to the 1961 Texas conviction "would not require alteration of his federal sentence as the validity of that sentence has been fully litigated." The district court explained that, as Pleasant was barred from pursuing a successive § 2255 petition under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, he would be unable to benefit from a successful challenge to his 1961 Texas conviction.

Pleasant filed a notice of appeal and asked the district court to issue a Certificate of Appealability (COA). The district court denied the request, and the State filed a cross-appeal from the district court's order denying its motion to substitute parties and its motion for reconsideration. This court granted a COA on the issues of "1) whether Pleasant is 'in custody' for purposes of challenging his 1961 state court conviction; and 2) whether Pleasant would be entitled to file a successive 28 U.S.C. § 2255 motion to correct his sentence if his state conviction is invalidated or to seek relief pursuant to a writ of coram nobis."

4

## II. DISCUSSION

Title 28, Section 2254 of the United States Code states, in part,

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254. This court has explained that § 2254 "affords relief to a [habeas] petitioner 'in custody pursuant to the judgment of a state court.'" Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir.), cert. denied, 484 U.S. 956 (1987). The State argues that Pleasant does not meet the "in custody" requirement of § 2254 because it no longer has custody of him. The State therefore contends that this court lacks subject matter jurisdiction over Pleasant's § 2254 petition.

Pleasant contends that the federal courts have subject matter jurisdiction over his § 2254 petition because he is presently in custody in part because of the enhancement of his federal sentence, which is based on his Texas conviction. He therefore asserts that because he continues to suffer the collateral consequences of that conviction, he is "in custody" for purposes of § 2254. We disagree.

The Supreme Court addressed this issue in Maleng v. Cook, 490 U.S. 488 (1989). In Maleng, the petitioner, who was

5

currently incarcerated in a federal prison, contested a 1958 Washington state conviction for which the sentence had expired. Id. at 489-90. He argued that the Washington conviction resulted in enhancement of another Washington sentence that he would be serving immediately following the expiration of his federal sentence. Id.[2] The Court held that a petitioner whose sentence has expired is no longer "in custody" for purposes of that conviction, even if it was used to enhance his current or future sentences. Id. at 492. Thus, as Pleasant's Texas sentence has expired, he is no longer "in custody" pursuant to that conviction for purposes of § 2254.

In Maleng, however, the petitioner was allowed to proceed on the merits because the Court, in deference to the petitioner's pro se status, construed the petition as an attack on the later Washington sentence which was yet to be served but which was ensured by a detainer directing the petitioner to be delivered to Washington authorities when his federal sentence expired. Id. at 493-94; accord Herbst v. Scott, 42 F.3d 902, 905 (5th Cir. 1995) (construing the pro se petitioner's attack on his expired Texas sentence as an attack on the Texas conviction for which he was currently incarcerated in order to find subject matter jurisdiction).

---

[2] He originally also contended that the 1958 Washington conviction had been used to enhance his federal sentence, but that argument was not addressed by the lower court and was not presented to the Supreme Court.

In contrast, Pleasant is currently in federal custody and has no unexpired Texas sentences. His Texas conviction therefore may be challenged, if at all, only through a § 2255 petition arguing that his federal sentence was illegally enhanced because the Texas conviction was invalid and naming the warden of FCI Three Rivers as the respondent.[3] See Harris v. Ingram, 683 F.2d 97, 98 (4th Cir. 1982) (holding, in a similar situation, that a challenge to federal custody on the basis of a prior state conviction used for enhancement may only be made, if at all, through a § 2255 petition); see also Charlton v. Morris, 53 F.3d 929, 929 (8th Cir. 1995) (holding that the district court lacked

---

[3]     We note that our holding in this case does not conflict with this court's prior decisions interpreting Maleng as having "express[ed] no view on the extent to which [a prior] conviction itself may be subject to challenge in [an] attack upon [current] sentences which it was used to enhance," and therefore allowing a challenge of the expired sentence to be raised within an attack on the current sentence. Allen v. Collins, 924 F.2d 88, 89 (5th Cir. 1991) (alteration in original); see also Herbst, 42 F.3d at 905 ("The jurisdictional requirement of 'in custody' is satisfied by reading the petition as a challenge to the current conviction."); Thompson v. Collins, 981 F.2d 259, 261 (5th Cir. 1993) ("[A] habeas petitioner meets the 'in custody' requirement where he challenges a conviction used to enhance another conviction for which he is currently in custody.").

In each of those cases, both the expired sentence and the current sentences involved convictions under Texas law. See, e.g., Herbst, 42 F.3d at 904; Thompson, 981 F.2d at 260; Allen, 924 F.2d at 88. Therefore, a § 2254 petition was the proper vehicle for challenging either conviction, and the State of Texas was the appropriate respondent for a challenge to either sentence. Thus, where necessary, the court was able to construe a challenge to the earlier conviction brought pursuant to § 2254 as a challenge to the sentence that the petitioner was currently serving.

jurisdiction to address the merits of the petitioner's § 2254 petition because he was no longer in custody pursuant to the challenged state conviction).

Pleasant has insisted throughout this case that his petition is not a mislabeled § 2255 petition challenging his federal sentence, and he has vehemently argued against the substitution of the warden of FCI Three Rivers.  Although we construe the pleadings of pro se litigants broadly in deference to their status, Maleng, 490 U.S. at 493, we will not consider Pleasant's § 2254 petition as a challenge to his federal sentence in the face of his ongoing protestations that it is not.  Moreover, in contrast to the situations in Maleng and Herbst, in this case such an assumption would require the substitution of a different respondent and involves an entirely different sovereign power. Cf. Craig v. Beto, 458 F.2d 1131, 1133 (5th Cir. 1972) (holding that Texas was burdened with defending an attack on an expired Oklahoma sentence that it used for sentencing enhancement purposes).  Thus, whether or not Pleasant is able to challenge his current federal sentence by way of a § 2255 petition on the basis that it was unconstitutionally enhanced as a result of the 1961 Texas conviction, we are without jurisdiction to hear a § 2254 petition directly challenging his Texas conviction.[4]

---

[4]     As it appears from the record that Pleasant has already litigated one § 2255 motion, he may be barred from bringing a second one under AEDPA.  As that issue is not before us, however, we express no opinion as to its merits.

As Pleasant has not successfully challenged his Texas conviction, we express no opinion as to the second issue on which we granted a COA--whether he would be entitled to file a successive § 2255 petition or to seek relief pursuant to a writ of coram nobis if his state sentence was invalidated.

### III. CONCLUSION

For the foregoing reasons, we VACATE the district court's judgment denying Pleasant's petition on the merits and REMAND the case to the district court with instructions to DISMISS it for lack of subject matter jurisdiction.