IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————

No. 98-20550

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES CLIVE CLARK, JR.,

Defendant-Appellant.

———————

Appeal from the United States District Court for the
Southern District of Texas

———————

February 8, 2000

Before GARWOOD, SMITH, and BENAVIDES, Circuit Judges.

GARWOOD, Circuit Judge:

Defendant-appellant James Clive Clark, Jr. (Clark) pleaded guilty to one count of possession

of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). As a result of his three prior

state drug convictions, Clark was sentenced in December, 1992, to a mandatory minimum term of

fifteen years' imprisonment under the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. §

924(e)(1). Clark appealed and in January, 1994, this Court affirmed his conviction and sentence. On

April 23, 1997, Clark filed the instant  motion for post-conviction relief under 28 U.S.C. § 2255,

alleging that his sentence was enhanced under the ACCA on the basis of state convictions that were

constitutionally invalid because the evidence of his guilt was insufficient. The district court dismissed Clark's motion without prejudice on the ground that *Custis v. United States*, 114 S.Ct. 1732 (1994), precluded Clark from thus challenging the prior state convictions that were used to enhance his current sentence. Clark moved for reconsideration of this order or alternatively, for a certificate of appealability (COA). The district court denied both motions. Clark then filed an application for a COA in this Court, alleging that the district court misinterpreted *Custis*. This Court granted a COA on that issue. We conclude that the district court erred in finding a jurisdictional impediment to Clark's challenge to the prior state convictions used to enhance the federal sentence he is currently serving under the ACCA. Therefore, we vacate the district court's dismissal of Clark's section 2255 motion and remand for further proceedings consistent herewith.

### Facts and Proceedings Below

On January 13, 1983, a Texas state jury convicted Clark in Tarrant County District Court of three separate offenses occurring in January and February, 1982, for delivery of a controlled substance, lysergic acid diethylamide (LSD). For each offense, the court sentenced Clark to five years in the Texas Department of Corrections (TDC), suspended for ten years probation, and a $15,000 fine, with the sentences running concurrently. Clark was represented by counsel in the state court proceedings. On August 16, 1986, Clark's probation was revoked for failure to report to his probation officer. At the probation revocation hearing, at which he was represented by counsel, Clark was ordered to serve five years in the TDC. On February 18, 1987, he was paroled to Harris County, Texas, with a scheduled parole expiration date of February 6, 1991. Clark did not appeal the state convictions or his probation revocation.

On August 9, 1990, while still on parole, Clark was arrested by undercover agents of the Drug

2

Enforcement Agency (DEA) for trafficking in marihuana and carrying a semiautomatic Baretta .25 millimeter caliber pistol. On July 8, 1991, a federal grand jury in the Southern District of Texas indicted Clark under 18 U.S.C. § 922(g)[1] for one count of knowingly possessing, on or about August 9, 1990, a firearm, which had been shipped in interstate commerce, after he had been previously convicted on January 13, 1983 of three felonies each punishable for a term exceeding one year. Clark pleaded guilty to the indictment on December 10, 1991, but the district court allowed him to withdraw his guilty plea at sentencing because Clark's potential sentence under the ACCA was "particularly harsh." After appointing new counsel to represent Clark, the district court on July 16, 1992, conducted a subsequent sentencing hearing, at which Clark again pleaded guilty to the indictment.[2]

On December 17, 1992, the district court sentenced Clark under the ACCA.[3] The applicable

---

[1]  18 U.S.C. § 922(g) provides in relevant part:

"It shall be unlawful for any person–
(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
. . .
to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

[2]   On June 26, 1991, Clark was also convicted in a Harris County court of illegal drug trafficking, based on the same August, 1990 transaction as his federal conviction. The state court sentenced him to fifteen years in the TDC and fined him $50,000.

[3]  18 U.S.C. § 924(e)(1), the codification of the ACCA, provides in relevant part:

"In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than

sentencing range under the Sentencing Guidelines for Clark's offense would normally have been seventy-seven to ninety-six months of incarceration. The ACCA, however, imposes a mandatory minimum sentence of fifteen years and a maximum of life in prison without parole if a defendant has three previous convictions for a "violent felony" or "serious drug offense." 18 U.S.C. § 924(e)(1). Clark's three prior state drug convictions rendered him eligible for punishment under the ACCA. U.S.S.G. § 5G1.1(b) provides that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." Accordingly, the district court sentenced Clark to the minimum mandatory term of fifteen years as required by the ACCA.[4]

Clark filed a timely notice of appeal to this Court. Clark's counsel submitted a brief withdrawing from the case pursuant to *Anders v. California*, 87 S.Ct. 1396 (1967), and in January, 1994, we dismissed the appeal on that basis in an unpublished order. *See United States v. Clark,* No. 93-2033 (5th Cir. Jan. 10, 1994). On September 6, 1996, Clark (represented by his third counsel)

---

fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g)."

[4] Specifically, the district court sentenced Clark to fifteen years in the custody of the Bureau of Prisons, with three years of supervised release, and payment of a $50 mandatory assessment. The district court's sentencing order states: "The court makes the following recommendations to the Bureau of Prisons: The federal writ has deprived the defendant of consideration for a state parole hearing. It is the Court's intent that the federal sentence run concurrently with the state's sentence imposed in No. 571728 [the 1991 state sentence, *see* note 2 *supra*] and therefore recommends to the Bureau of Prisons that the Texas Department of Corrections be designated for service of the federal sentence." This recommendation seems not to have been followed, as it appears that Clark has been serving his 1992 federal sentence in the Federal Correctional Institution in Memphis, Tennessee.

apparently filed a state habeas corpus petition for post-conviction relief under TEX. CODE CRIM. P. 11.07, in which he sought to show that none of his three 1983 state convictions was supported by constitutionally sufficient evidence; the state trial court refused to hold an evidentiary hearing and recommended that relief be denied; the Texas Court of Criminal Appeals refused to docket the case. On April 23, 1997, Clark filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[5] He asserted he was serving his 1992 federal sentence at the Federal Correctional Institution in Memphis, Tennessee. He alleged that (1) the evidence was constitutionally insufficient to support the 1983 state convictions that were then used to enhance his federal sentence under the ACCA; and (2) 18 U.S.C. § 922(g) violated the Commerce Clause. He further alleged his unsuccessful 1996 state habeas attack on his 1983 state convictions and that as a result "[m]ovant has no further avenue of attack available in state court." The state habeas records are not in the record before us and were not before the district court.

In a published memorandum opinion, the district court dismissed Clark's motion without prejudice. *See United States v. Clark*, 996 F.Supp. 691 (S.D. Tex. 1998). The district court held that Clark's motion was timely filed under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), but rejected his Commerce Clause challenge to section 922(g) on the ground that this Court had repeatedly held that statute to be valid. *Id*. at 692. The district court further held that the

---

[5] 28 U.S.C. § 2255 provides in relevant part:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

5

Supreme Court's opinion in *Custis v. United States*, 114 S.Ct. 1732 (1994), precluded the section 2255 challenge to Clark's 1983 state convictions that were used to enhance his current federal sentence under the ACCA. *See Clark*, 996 F.Supp. at 692-94. The distri ct court concluded by stating:

> "Because the constitutionality of defendant's state convictions may, if appropriate, be challenged t hrough a § 2254 petition filed in the Northern District of Texas, his § 2255 motion will be dismissed without prejudice to defendant's right to refile in this court should any of his state convictions be vacated or otherwise expunged. *Id.* at 694 (footnote omitted).

The court observed in this connection that "Defendant is currently in federal custody in Tennessee, and the convicting state court is in the Northern District of Texas." *Id.* at 694 n.6. The court did not, however, find that Clark was (or had been at any time after his federal indictment) in state custody pursuant to or as a result of the 1983 state convictions, nor did the court recite any facts reflecting such custody (nor does our review of the record disclose any). While the district court did not expressly find whether Clark had exhausted his state remedies respecting his 1983 state convictions, the court appears to have assumed that Clark probably had done so. See *id.* at 694 n.7 ("Although defendant has not submitted the state habeas records, he has apparently tried and failed to set aside his state convictions through a post-conviction state habeas action").

Clark moved for reconsideration of the order, or alternatively, for a COA, asserting, among other things, that 28 U.S.C. § 2254 was not available to him to challenge his 1983 state convictions because he was not in state custody under or as a result of those convictions. The district court denied both motions. On August 7, 1998, Clark filed an application for a COA with this Court. He alleged that the district court misinterpreted *Custis* and requested a COA on the question whether section 2255 is a proper vehicle for bringing collateral challenges to prior state convictions used to

enhance a current federal sentence. On November 19, 1998, this Court granted a COA limited to that question. We now vacate and remand.

## Discussion

We disagree with the district court's conclusion that *Custis* has rendered unavailable a section 2255 challenge to constitutionally infirm prior state convictions that have been used to enhance a federal sentence being currently served where the defendant has exhausted his state remedies and is not in state custody pursuant to or as a result of the state convictions for purposes of section 2254. *Custis* announced only a prohibition on these types of challenges in the context of federal sentencing hearings. This Court has consistently sanctioned the use of section 2255 motions to attack a federal sentence being currently served on the ground that it was enhanced on the basis of a constitutionally invalid prior conviction. We do not read *Custis* to disturb this principle. Moreover, the ACCA is a sentencing enhancement statute, and most courts, including the district court here, have construed it to be inapplicable where the prior enhancing convictions, though in apparent full force on the date of commission of the underlying section 922(g) offense, are subsequently set aside on constitutional grounds, and this is so even though they are not set aside until *after* the ACCA sentence is imposed. We do not read *Custis* as otherwise construing the ACCA. If, as is apparently the case here, Clark has exhausted his state remedies but does not meet the "in custody" requirement of section 2254 as to the state convictions, then accepting the district court's reading of *Custis* would, in the name of forum reallocation, eviscerate Clark's substantive right to review of these potentially constitutionally invalid state convictions. We therefore vacate the district court's judgment and remand for further proceedings consistent herewith.

In considering challenges to a district court's denial of a section 2255 motion, this Court

7

reviews the district court's factual findings for clear error and its conclusions of law *de novo*. *See United States v. Faubion*, 19 F.3d 226, 228 (5th Cir. 1994); *United States v. Woods*, 870 F.2d 285, 287 (5th Cir. 1989).

I. The "in custody" requirement and related section 2255 concerns.

As a preliminary matter, we note that Clark satisfies the jurisdictional "in custody" requirement for challenging the use of his prior state convictions to enhance his current federal sentence. Federal prisoners seeking relief under section 2255 must be "in custody under sentence of a court established by Act of Congress" at the time they file their motions. *See United States v. Drobny*, 955 F.2d 990, 995-96 (5th Cir. 1992). A parallel custody requirement applies under 28 U.S.C. § 2254.[6] If the prisoner fails to satisfy the custody requirement, the court will not have jurisdiction to hear the motion. *See Carafas v. LaVallee*, 88 S.Ct. 1556, 1559-60 (1968); *Pleasant v. State*, 134 F.3d 1256, 1257-58 (5th Cir. 1998).

In *Maleng v. Cook*, 109 S.Ct. 1923 (1989) (*per curiam*), the Supreme Court held that a section 2254 petitioner could not attack a prior completed state sentence because "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* at 1926. Suffering "no present restraint" from his expired state conviction (even though it had been used to enhance his current sentences), Maleng did not satisfy the custody requirement for

----

[6] 28 U.S.C. § 2254(b) provides for "a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court." 28 U.S.C. § 2241(c) likewise provides, with here immaterial exceptions, that habeas corpus extends to "a prisoner" only if "[h]e is in custody." 28 U.S.C. § 2243 provides that " [t]he writ [of habeas corpus] . . . shall be directed to the person having custody of the person detained."

the prior conviction and therefore could not challenge it *directly* in a section 2254 proceeding. *Id.* If, as appears to be the case, Clark is no longer in *state* custody pursuant to or as a result of his 1983 state convictions, then there is no jurisdiction to challenge those convictions in a section 2254 proceeding. That Clark is still serving his federal sentence which was enhanced as a result of those 1983 state convictions does not provide the requisite custody for a section 2254 challenge to those convictions. *See Pleasant*, 134 F.3d at 1258.[7]

Clark does, however, satisfy the "in custody" requirement of section 2255 by bringing a section 2255 challenge to the federal sentence he is presently serving on the grounds that it was erroneously enhanced by the allegedly invalid 1983 state convictions. The *Maleng* Court left open the question whether the use of a conviction the sentence for which had been fully served to enhance a sentence being currently served could be challenged in an attack on that current sentence. *See id.* at 1927 ("We express no view on the extent to which the [expired] 1958 conviction itself may be subject to challenge in the attack upon the [present] 1978 sentences which it was used to enhance."). This Court and other Courts of Appeals have uniformly answered that question in the affirmative: as long as the habeas relief sought is framed as an attack on a present sentence, as to which the prisoner is still "in custody," then the expired conviction used to enhance that sentence may be challenged. *See Herbst v. Scott*, 42 F.3d 902, 905 (5th Cir. 1995) ("A habeas petitioner may attack a prior conviction used to enhance his punishment . . . . The jurisdictional requirement of 'in custody' is satisfied by reading the petition as a challenge to the current conviction.") (citations omitted); *United*

_____

[7]Although we doubt it, it may be that the district court was of the opinion that Clark was eligible to seek § 2254 relief as to his 1983 state convictions because they were used to enhance the federal sentence he was (and is) still serving. Any such view would be erroneous. *See Pleasant*, 134 F.3d at 1258.

9

*States v. Nichols*, 30 F.3d 35 (5th Cir. 1994); *Thompson v. Collins*, 981 F.2d 259, 260 (5th Cir. 1993); *Allen v. Collins,* 924 F.2d 88 (5th Cir. 1991) (no distinction for this purpose between constitutionally "voidable" and "void" prior enhancing convictions); s*ee also Young v. Vaughn*, 83 F.3d 72, 75-76 (3d Cir. 1996); *Treadway v. Farley*, 35 F.3d 288, 292 (7th Cir. 1994); *Brock v. Weston*, 31 F.3d 887, 890 (9th Cir. 1994); *Collins v. Hesse*, 957 F.2d 746, 748 (10th Cir. 1992); *Lowery v. United States*, 956 F.2d 227, 229 (11th Cir. 1992); *Taylor v. Armontrout*, 877 F.2d 726, 726-27 (8th Cir. 1989) (*per curiam*); 28 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 671.04[3][b] [hereinafter MOORE'S].[8]  Accordingly, we hold that Clark is "in custody" for the purpose of his section 2255 motion.

We note one other potential problem presented by the use of section 2255 to challenge a federal sentence being currently served on the ground that it was enhanced by a state conviction alleged to be unconstitutional, where state remedies have been exhausted and the state conviction has not been set aside, but the petitioner is no longer in custody under the state conviction so there is no jurisdiction to challenge it under section 2254.  The problem in such a situation is that the state whose conviction is being challenged is not a party to the section 2255 proceeding.  However, that should not be a basis for denying relief as to the federal sentence.  In *United States v. Tucker*, 92 S.Ct. 589

---

[8] We note that if Clark's prior convictions had taken place in federal instead of state court, he might be able to challenge them through a federal writ of *coram nobis* in the court of conviction.  This method of collateral attack may be used by a prisoner who has completed his federal sentence and is no longer "in custody" thereunder for the purpose of seeking relief under either 28 U.S.C. § 2241 or § 2255 but nevertheless still suffers certain adverse consequences from his conviction.  *See United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998); *Drobny*, 955 F.2d at 996; *cf. Carlisle v. United States*, 116 S.Ct. 1460, 1468 (1996) ("difficult to conceive of a situation" in which *coram nobis* "would be necessary or appropriate") (citation omitted).  Under the facts of this case, however, it is clear that such a federal *coram nobis* remedy is wholly unavailable to Clark.

(1972), the Supreme Court sustained a section 2255 attack on a sentence imposed by a federal district court in California on the ground that the sentencing court had considered Florida and Louisiana convictions obtained in violation of *Gideon v. Wainwright*, 83 S.Ct. 792 (1963). We pointed out in *Mitchell v. United States*, 482 F.2d 289, 292-94 (5th Cir. 1973), that it was evident in *Tucker* that the prior convictions had not been set aside, either by the courts of the respective state in which they were rendered or by any federal court. In *Mitchell* we similarly held section 2255 was an appropriate vehicle to challenge a federal sentence on the ground that the sentencing court considered prior state convictions obtained in violation of *Gideon,* notwithstanding that those convictions had not been set aside by the state courts or by any federal court. In *Sammons v. Rogers*, 785 F.2d 1343 (5th Cir. 1986), we held a federal prisoner could, in a section 2241 habeas petition brought against the warden of the federal institution where he was confined and the U.S. Parole Board, challenge on double jeopardy grounds the constitutionality of Tennessee convictions which adversely affected consideration of parole from his federal sentence. And, in *Craig v. Beto*, 458 F.2d 1131, 1133 (5th Cir. 1992), we held that in a Texas prisoner's section 2254 challenge to the Texas sentence he was serving that had been enhanced by a prior Oklahoma conviction, the prisoner could prove that the Oklahoma conviction was constitutionally invalid under *Gideon*. As Texas had enhanced its sentence on the basis of the Oklahoma conviction, it was proper for Texas to "bear" the "burden" of defending that conviction against the prisoner's challenge. *Id*. at 1134; *see also Marks v. Rees*, 715 F.2d 372, 374-75 (7th Cir. 1983) (Kentucky prisoner whose sentence was enhanced by prior Indiana conviction could challenge the constitutional validity of the Indiana conviction in a section 2254 attack on the Kentucky sentence). In *Pleasant*, we cited *Craig* and suggested that although a federal prisoner whose current sentence was enhanced under the ACCA as a result of an

11

expired Texas conviction could not challenge the Texas conviction under section 2254 since he was not in Texas custody, he might be able to challenge it in a section 2255 petition directed to the ACCA sentence. *See Pleasant*, 134 F.3d at 1259. We observe that the apparent anomaly of determining the validity of one jurisdiction's conviction later used for enhancement of another jurisdiction's sentence, without a representative of the jurisdiction of the initial conviction being a party, is ameliorated by the rule that the determination does not bind the former jurisdiction. As we said in *Craig*, "our decision only relates to the use of [the Oklahoma] conviction in a Texas court" and "[o]ur action will leave standing the conviction in Oklahoma, so far as Oklahoma is concerned." *Id.* at 1134.

II. *United States v. Custis* and the ACCA

The appearance of *Custis* in 1994 "created some further confusion" regarding the ability to challenge convictions that are later used for sentence enhancement. MOORE'S § 671.04[3][b]. In *Custis*, the Supreme Court considered the availability during federal sentencing hearings of collateral attacks on prior convictions that serve as the basis for enhancement under the ACCA. The Court held that Congress did not intend to permit defendants to challenge the validity of such convictions at federal sentencing hearings, except in cases where the prior convictions were obtained in total denial of the right to counsel, contrary to *Gideon*, as in cases such as *Tucker* and *Burgett v. Texas*, 88 S.Ct. 258 (1967). *See Custis*, 114 S.Ct. at 1734, 1737, 1738.

Like Clark, Custis received the minimum mandatory fifteen-year sentence under the ACCA. At his federal sentencing hearing, Custis argued that his two prior Maryland convictions were constitutionally unsound because in those cases his attorney had provided ineffective assistance, Custis had not made a knowing and voluntary guilty plea, and he had not been adequately advised of his rights in selecting a "stipulated facts" trial. *Id.* at 1734. Observing that the ACCA "focuses

12

on the *fact* of the conviction," the Court did not find in the statute "any indication that Congress intended to permit collateral attacks on prior convictions used for sentence enhancement purposes." *Id.* at 1736-37. In reaching its conclusion, the Court observed that "[e]ase of administration . . . supports the distinction" it makes between *Gideon* error and other constitutional infirmities due to the undesirability of a procedure which "would require sentencing courts to rummage through frequently nonexistent or difficult to obtain state-court transcripts." *Id.* at 1738. And, the Court also observed that allowing attacks for non-*Gideon* error at sentencing would only result in "delay and protraction of the federal sentencing process." *Id.* at 1739. Consequently, the ACCA did "not permit Custis to use the federal sentencing forum to gain review of his state convictions." *Id.*

With collateral relief unavailable to Custis at sentencing, the Court noted that he could pursue alternative means to challenge his prior convictions. Because he was still "in custody," Custis "may attack his state sentences in Maryland or through federal habeas review." *Id.* "If Custis is successful in attacking these state sentences," the Court reasoned, "he may then apply for reopening of any federal sentence enhanced by the state sentences. We express no opinion on the appropriate disposition of such an application." *Id.*

*Custis* is difficult to interpret. The opinion's statement that ACCA "focuses on the fact of the conviction," *id.* at 1736, and its reliance, *id.* at 1736-37, on *Lewis v. United States*, 100 S.Ct. 915 (1980), suggest that the Court may have construed the ACCA to render *irrelevant* the validity of the prior convictions so long as they had not been set aside *before* the commission of the predicate section 924(g) offense. In other words, *Custis* may have been a substantive, not a procedural, decision. In *Lewis,* the defendant was charged with violating 18 U.S.C. App. § 1202(a)(1) (1976), the predecessor to section 922(g)(1), the current felon-in-possession-of-a-firearm statute. Lewis had

13

pleaded guilty to and been convicted of a felony in a Florida court in 1961. That conviction was never overturned. In 1977, he possessed a firearm. At his federal trial for the firearm offense, he offered to prove that his Florida conviction was constitutionally invalid because he had been without counsel contrary to *Gideon*. The trial court ruled that the validity of the Florida conviction was irrelevant. The Supreme Court affirmed, although it plainly assumed that the Florida conviction was invalid under *Gideon*, *Tucker,* and *Burgett*. *See id*. at 917-18. The *Lewis* Court held that under the language of section 1202(a)(1) "the fact of a felony conviction imposes a firearm disability until the conviction is vacated," *id*. at 918, that the defendant "before obtaining his firearm, could have challenged his prior conviction in an appropriate proceeding in the Florida state courts," *id*. at 920, and that "section 1202(a)(1) prohibits a felon from possessing a firearm despite the fact that the predicate felony may be subject to attack on constitutional grounds." *Id*. at 921. The court distinguished *Burgett* and *Tucker* on the ground that in those cases the proper relevance of the challenged prior conviction "depended up" its "reliability." *Id*. at 922.[9]

We ultimately conclude, however, that *Custis* does *not* construe the ACCA the way *Lewis* construed former section 1202(a)(1). In other words, *Custis* does not hold that the "three previous convictions" mentioned in section 924(e)(1) include all convictions of the kind there described which were outstanding when the predicate section 922(g)(1) offense was committed, even though the convictions have thereafter been vacated for constitutional error. Nor does the government urge such a construction. Two aspects of *Custis* particularly support our interpretation of it in this respect. First, *Custis* recognizes that a claim of *Gideon* error–a claim such as that made in *Burgett* and

---

[9]We observe that we have held that § 924(e) is a sentence enhancement statute and does not create a separate or independent offense. *See United States v. Affleck*, 861 F.2d 97, 99 (5th Cir. 1988).

14

*Tucker*–may be raised *at sentencing* under the ACCA to challenge any one or more of the "three previous convictions" asserted under section 924(e) even though the thus challenged conviction had not previously been vacated or set aside. *Custis*, 114 S.Ct. at 1737-38. But, under *Lewis* the putative *Gideon* invalidity of the prior conviction would have been *substantively* irrelevant. Second, *Custis* strongly suggests that if the defendant after his federal sentencing under the ACCA successfully attacks the prior convictions "through federal habeas review," he may thereafter reopen the ACCA sentence. *Id*. at 1739. While *Custis* expressly leaves open the ultimate result in such a situation–"[w]e express no opinion on the appropriate disposition of such an application," *id*.–the fact that the question is left open is necessarily inconsistent with any interpretation of *Custis* as holding or assuming that the constitutional invalidity on non-*Gideon* grounds of ACCA prior convictions is substantively irrelevant if the convictions have not been set aside prior to ACCA sentencing. Moreover, Justice Ginsburg, who concurred without reservation in *Custis*, has stated that "*Custis* presented a forum question. The issue was where, not whether, the defendant could attack a prior conviction for constitutional infirmity." *Nichols v. United States*, 114 S.Ct. 1921, 1937 (1994) (Ginsburg, J. dissenting).

The few published ACCA appellate decisions since *Custis* all appear to hold, or assume, that a successful post-ACCA sentencing attack on the prior convictions used for enhancement will result in appropriate section 2255 adjustment of the federal sentence. In *United States v. Pettiford*, 101 F.3d 199 (1st Cir. 1996), the defendant had been sentenced under the ACCA based on several Massachusetts convictions, but after his ACCA sentencing the Massachusetts courts set aside all but one of the convictions. The defendant then sought section 2255 relief from his ACCA sentence. The district court granted relief, the government appealed, and the First Circuit affirmed, holding that the

15

ACCA sentence was properly challenged pursuant to section 2255 because the predicate prior convictions had been set aside after the ACCA sentencing. *See id.* at 201. In *Turner v. United States*, 183 F.3d 474 (6th Cir. 1999), Turner, who had been sentenced under the ACCA, brought a section 2255 challenge to his sentence, asserting that his prior state convictions on which the ACCA sentence was based were constitutionally invalid. The Sixth Circuit affirmed dismissal of the section 2255 petition, stating "We read *Custis* as requiring Turner to challenge the underlying state convictions first in the state court or in an independent habeas corpus proceeding brought pursuant to 28 U.S.C. § 2254. Only after Turner succeeds in such a challenge can he seek to reopen his sentence in this case." *Id.* at 477. The opinion does not address whether Turner could meet the "in custody" requirement of section 2254 or what the result would be if he could not.

Custis has also been applied outside of the ACCA context. The majority of courts hold that *Custis* does not preclude a federal habeas challenge to an enhanced sentence on the basis of a post-sentence attack on the constitutional validity (for other than *Gideon* error) of a prior conviction on which the enhancement was based. In *United States v. Cox*, 83 F.3d 336 (10th Cir. 1996), the defendant, after his federal sentencing, successfully attacked several of the state convictions which had been used to calculate his criminal history category for purposes of his federal sentencing, and then attacked his federal sentence in a section 2255 proceeding. The Tenth Circuit held the district court erred by failing to reopen the federal sentence and cited *Custis,* and our decision in *Nichols*, for the proposition that "[i]f a defendant successfully attacks state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences." *Id.* at 339. The Third Circuit in *Young v. Vaughn*, 83 F.3d 72 (3d Cir. 1996), held that a section 2254 challenge properly lay to a state sentence then being served on the basis that it had been enhanced by a prior state conviction,

the sentence for which had been fully served, which was constitutionally invalid (on other than *Gideon* grounds). The *Young* court specifically rejected the contention that such a challenge was precluded by *Custis* and particularly disagreed with the Eighth Circuit's statement in *Partee v. Hopkins*, 30 F.3d 1011, 1012 (8th Cir. 1994), that *Custis* held "'there is no federal constitutional right to collaterally attack a prior conviction used to enhance a sentence on any constitutional ground other than failure to appoint counsel for an indigent defendant.'" *See Young*, 83 F.3d at 77. The *Young* opinion goes on to state that "[i]f a general principle is to be derived from *Custis*, it is the much narrower one that 'federal *sentencing hearings* are not the proper forum for addressing the validity of prior convictions.'" *Id*. (emphasis *Young*'s); *see also Brock v. Weston*, 31 F.3d 887, 890-91 (9th Cir. 1994) (*Custis* does not preclude section 2254 challenge to fully served convictions used to enhance current state confinement); *United States v. Bacon*, 94 F.3d 158, 162 n.3 (4th Cir. 1996) (in sentencing Bacon the federal district court erred in disregarding a prior state robbery conviction claimed to be invalid, but "of course, if Bacon succeeds in a future collateral proceeding in overturning his robbery conviction, federal law enables him then to seek review of any federal sentence that was imposed due to his state conviction," citing *Custis* and our *Nichols* opinion).

As noted, in *Partee* the Eighth Circuit took a different approach, holding that under *Custis* there could be no section 2254 challenge to a Nebraska sentence on the ground that it had been enhanced by a prior Arkansas conviction alleged to be constitutionally invalid on a basis other than *Gideon* error. Thereafter, in *Charlton v. Morris*, 53 F.3d 929 (8th Cir. 1995) (*per curiam*), the court held that a section 2254 petition would not lie to attack a current federal drug offense sentence enhanced on the basis of a prior state conviction, which the petitioner alleged to be unconstitutional on the grounds of an improper jury instruction, and for which the sentence had been fully served.

17

The court also remarked in dicta that under *Partee* the same result would obtain were the petition construed to be one under section 2255. *See Charlton*, 53 F.3d at 929-30. Similarly, in *Arnold v. United States*, 63 F.3d 708, 709 (8th Cir. 1995), the court, based on *Custis*, held that a section 2255 challenge would not lie to a federal drug sentence enhanced by a prior state conviction allegedly based on an involuntary guilty plea. None of these Eighth Circuit opinions provides any analysis of *Custis* or any reasoning or discussion. The result in these cases seems to assume that *Custis* decided the question it expressly left open.[10]

We have previously refused to give *Custis* such a broad, preclusive reading. Post-*Custis*, we have reiterated our prior jurisprudence that "[a] habeas petitioner may attack a prior conviction used to enhance his punishment" and that the "jurisdictional requirement of 'in custody' is satisfied by reading the petition as a challenge to the current conviction." *Herbst*, 42 F.3d at 905; *see also Nichols,* 30 F.3d at 37 (under *Custis* defendant who has a state sentence set aside properly utilizes section 2255 to reopen federal sentence enhanced on basis of the state sentence); *United States v. Fisher*, 106 F.3d 622, 630 (5th Cir. 1997) ("The rationale of *Burgett* . . . is equally applicable to . . . constitutional infirmity arising from lack of notice . . . *Custis* only addresses the right of a defendant in a federal sentencing proceeding to collaterally attack the validity of prior state proceedings"); *Pleasant*, 134 F.3d at 1259 (suggesting possible availability of section 2255 to challenge federal

---

[10] In *Partee,* the only state challenge to the allegedly invalid prior conviction was at sentencing for the later offense, so *Partee* arguably could be read as merely saying that the state courts can do what *Custis* says the federal courts can do, namely not entertain non-*Gideon* challenges to prior convictions *at sentencing* for a later offense. But this would assume there was some other vehicle available to the defendant to thereafter challenge the enhancing conviction, as there was in *Custis*. Had such a vehicle–such as a state habeas–been available, then it would appear that the *Partee* court would have dismissed for failure to exhaust state remedies.

sentence enhanced by prior allegedly invalid fully served state sentence).  We agree with the Third

Circuit's *Young* opinion in its rejection of *Partee* and in its refusal to expand *Custis* or its principles

beyond speaking to what can or cannot be addressed at a federal sentencing hearing.  Likewise, we

agree with Justice Ginsburg that *Custis* speaks only to "where, not whether, the defendant could

attack a prior conviction for constitutional infirmity."

The logic of the majority of post-*Custis* decisions leads to the conclusion that a defendant,

who after his federal sentencing succeeds in a section 2254 (or state court) proceeding in setting aside

as constitutionally infirm a prior state conviction used to enhance his federal sentence, may thereafter

procure relief as to his federal sentence under section 2255.[11]  We agree with this conclusion.  And,

---

[11]  By the same logic, if the prior conviction used for enhancement is a federal one, and it is later set aside as constitutionally infirm in a § 2255 proceeding brought in the court which imposed the prior conviction, then relief as to the enhanced federal sentence could be procured in a subsequent § 2255 brought in the court which imposed the enhanced sentence.  So, too, if a prior federal conviction used for enhancement is later set aside in a *coram nobis* proceeding in the convicting court (as might be the case if the sentence on the prior conviction had been fully served), then relief as to the enhanced federal sentence could be procured in a subsequent § 2255 brought in the court which imposed the enhanced sentence.

We do not suggest that if the prior state conviction relied on for enhancement is later vacated on constitutional grounds by the state that imposed it or in a § 2254 proceeding, that this always automatically entitles the defendant to § 2255 relief in the court which imposed the enhanced sentence.  For example, if the relevant federal statute allowed the defendant to raise at sentencing the asserted invalidity of the prior conviction–*e.g.*, 21 U.S.C. § 851–and he failed to so, such failure might be a procedural default barring § 2255 relief.  *See, e.g.*, *Hogue v. Johnson*, 131 F.3d 466, 489-91 (5th Cir. 1997); *Weaver v. McKaskle*, 733 F.3d 1103 (5th Cir. 1984).  As a *Gideon* defect in the prior conviction tendered for enhancement can also be raised at federal sentencing, the failure to do so then might also be a procedural default barring § 2255 relief.  So also would a statute of limitations such as 21 U.S.C. § 851(e).  *See United States v. Gonzales*, 79 F.3d 413, 426-27 (5th Cir. 1996).  The same approach would apply if the prior sentence used for enhancement were a federal one.  And, this same reasoning would also

19

*if* such a defendant meets the "in custody" requirement of section 2254 with respect to his state sentence,[12] *then* it may well make administrative good sense to require the defendant to first exhaust his section 2254 remedies and allow him to return under section 2255 to the court which imposed the enhanced sentence only after the prior conviction has been set aside in the section 2254 proceeding.[13] This is discussed below. *But*, what if the defendant, having unsuccessfully exhausted all available state remedies, does *not* meet section 2254's "in custody" requirement as to the state conviction? In that situation, on what rational basis can preclusion of initial resort to section 2255 in the court imposing the enhanced federal sentence be justified? If a constitutionally infirm prior conviction,

---

apply if the defendant proceeded under § 2255 directly in the court imposing the enhanced sentence even if that court were to find that in a hypothetical § 2254 proceeding (in which the defendant met the § 2254 "in custody" requirement as to the prior conviction) the defendant could set aside the prior conviction. The point is simply that even though the prior enhancing conviction is held constitutionally infirm this will not entitle the defendant to relief from the later enhanced sentence if there is some independent ground which bars relief as to the enhanced sentence itself (such as procedural default in the proceedings in which the enhanced sentence was imposed).

[12]  As might be the case, for example, if the state has lodged a detainer with the federal prison, *see, e.g.*, *Braden v. 30th Judicial Circuit Court*, 93 S.Ct. 1123 (1973); *Dickerson v. State of Louisiana*, 816 F.2d 220, 224-25 (5th Cir. 1987); or the defendant's state sentence has been suspended or he is on probation or parole respecting it. *See Sammons v. Rodgers*, 785 F.2d 1343, 1345 (5th Cir. 1986).

[13]  So, too, it may well make administrative sense to require that available state remedies be exhausted as to the prior state conviction before resort to § 2255 in the court which imposed the enhanced federal sentence. While such an exhaustion requirement is implicit in requiring resort to § 2254 for those meeting its "in custody" requirement respecting the state conviction (as § 2254 itself requires exhaustion of available state remedies), it would have independent significance where the defendant did not meet § 2254's in custody requirement as to the state conviction.

If the § 2254 court denies relief on the merits (including, for example, on the basis of limitations or laches or procedural default) then that would end the matter.

20

which after the ACCA sentencing has been set aside in a section 2254 proceeding, is so unreliable as to justify reopening the ACCA sentence under section 2255, an identically infirm prior conviction must likewise be too unreliable to justify the ACCA sentence when the defendant does not meet section 2254's "in custody" requirement as to it and hence must initially resort to section 2255 in the ACCA court to establish its infirmity. As demonstrated in part I above, the "in custody" requirement of section 2255 is met and the fact that the state whose conviction is being challenged is not a party to the proceeding does not suffice to preclude the ultimate availability of section 2255 relief. To hold otherwise on the basis of *Custis* is to treat it, contrary to our above analysis, as dictating "whether" in such a situation the prior state conviction can *ever* be challenged. Moreover, recently the Supreme Court has expressed reluctance to adopt a reading of the overall statutory habeas scheme that "would bar the prisoner from ever obtaining federal habeas review." *Stewart v. Martinez-Villareal*, 118 S.Ct. 1618, 1622 (1998).

We thus conclude that the district court erred in refusing to address Clark's section 2255 petition without first determining whether he had exhausted his state remedies as to his 1983 state convictions and whether he met section 2254's "in custody" requirement respecting them. If Clark has exhausted his state remedies and if he is not "in custody" for purposes of a section 2254 challenge to his 1983 state convictions, then the district court should address Clark's section 2255 petition.

We note that in no event should Clark be entitled to section 2255 relief if, *had* he met the "in custody" requirement of section 2254 as to his 1983 state convictions, he would for any reason nevertheless not have been entitled to relief as to them in a section 2254 proceeding against an appropriate state respondent. In other words, the failure to meet the section 2254 "in custody" requirement should not *enhance* Clark's rights beyond what they would be if he met that requirement.

21

*See Craig*, 458 F.2d at 1133-34 ("Texas is burdened with defending the attack on the Oklahoma conviction in the same way that the State of Oklahoma would be so burdened in a collateral attack in Oklahoma. No more, and no less. . . . the Oklahoma conviction should receive the same consideration by us that it would receive under a direct collateral attack. . . .").

III. Exhaustion and prior resort to section 2254 if "in custody"

We recognize that in neither *Craig* nor *Mitchell* did we require a defendant attacking a sentence enhanced by an allegedly constitutionally infirm prior conviction either to exhaust his remedies in courts of the state imposing the prior conviction or to exhaust his section 2254 remedies in a proceeding directly challenging the prior conviction. However, in both of those cases the infirmity in the prior convictions was a *Gideon* error, and under *Custis* that is a challenge which can be raised at the sentencing for the later offense. We do not here deal with prior convictions which are invalid under *Gideon*. Moreover, since *Craig* and *Mitchell* there has been a virtual sea charge in overall habeas jurisprudence and *Custis* itself clearly indicates a preference for initial resort to available state remedies, and to section 2254 *where* the defendant meets its "in custody" requirement as to the prior conviction, before returning to the federal court which imposed the ACCA sentence in a section 2255 proceeding.

## Conclusion

We vacate the judgment of the district court and remand the case for further proceedings consistent herewith.

VACATED and REMANDED