**Clyde PIGGIE, Petitioner–Appellant,**

v.

**Daniel MCBRIDE, Respondent–Appellee.**

No. 01–1096.

United States Court of Appeals, Seventh Circuit.

Submitted June 14, 2001.\*

Decided June 14, 2001.

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R.App. P. 34(a)(2).

Before BAUER, COFFEY, and WILLIAMS, Circuit Judges.

### ORDER

Clyde Piggie, an Indiana prisoner, appeals the district court's denial of his petition for a writ of habeas corpus brought under 28 U.S.C. § 2254. The district court dismissed Piggie's petition with prejudice because his disciplinary sanction, one year in disciplinary segregation, did not constitute an atypical and significant hardship. *See Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). We modify the judgment and affirm on other grounds. Because Piggie fails to meet the "in custody" requirement of § 2254, his petition should have been dismissed without prejudice.

On August 3, 1999 the Conduct Adjustment Board found Piggie guilty of engaging in or encouraging others to engage in a group demonstration in violation of Adult Disciplinary Policy and Procedure Code § 223. The disciplinary charges arose from an incident in which Piggie and several other prisoners who were out of their cells for recreation refused to return to their cells and demanded 20 extra minutes of recreation. At his disciplinary hearing Piggie submitted a written statement claiming he had not heard the order to return to his cell, but the CAB found him guilty based on testimony from two prison guards who said that Piggie refused to return to his cell. The CAB imposed one year of disciplinary segregation and revoked 180 days of earned credit time. On administrative appeal the segregation component of Piggie's sentence was sustained but the loss of earned credit time was rescinded. Piggie then filed this § 2254 petition, alleging procedural violations by prison officials in connection with the CAB's hearing.

■■■ Piggie's petition is improper because his punishment consists only of disciplinary segregation, which does not meet the "in custody" element of § 2254. Challenges to the type of incarceration, *i.e.* general population versus segregation, are not cognizable under § 2254. *See Moran v. Sondalle*, 218 F.3d 647, 651 (7th Cir. 2000). State prisoners must use 42 U.S.C. § 1983, not § 2254 petitions, to challenge segregation and other non-durational changes in their custody status. *Id.; see also Pischke v. Litscher*, 178 F.3d 497, 499 (7th Cir.1999); *Sylvester v. Hanks*, 140 F.3d 713, 714 (7th Cir.1998). Because Piggie was not "in custody" for purposes of § 2254, the district court should have dismissed his petition without prejudice. 28 U.S.C. § 2254(a); *see Maleng v. Cook*, 490 U.S. 488, 490–91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989); *see also Pleasant v. Texas*, 134 F.3d 1256 (5th Cir.1998) (per curiam). We note, however, that any attempt by Piggie to refile his suit under § 1983 would be frivolous because such claim is clearly barred by *Sandin*, 515 U.S. at 486, 115 S.Ct. 2293.

Piggie responds that he is in custody because this disciplinary sanction makes him ineligible for promotion to a higher credit class (where he would accumulate earned credit time more quickly) and therefore increases the duration of his incarceration. Piggie notes that on February 5, 1999 he was demoted from credit class I to credit class II for possessing or using tobacco products. Under Ind.Code § 35–50–6–4(d), a prisoner may be promoted in credit class if he is free from conduct violations for a six-month period. Piggie's current violation occurred two days before the end of the six-month period following his February violation and therefore, Piggie argues, it denied him the ability to receive a credit class promotion.

Piggie's argument fails because Piggie has committed other violations that extended the time before his possible credit class promotion to long after the current violation. For example, the CAB found Piggie guilty of offering a bribe in April 1999. In May 1999 Piggie was convicted of sexual assault, leading to a further demotion to credit class III. Both of these convictions extend the time in which Piggie could have been eligible for a credit class promotion to well after the August 1999 violation at issue.

Piggie also argues that the administrative appeal officer's decision to rescind the revocation of earned credit time was nothing more than an attempt by prison officials to insulate his disciplinary proceeding from judicial review. The review officer's decision, however, effectively resulted in a six-month reduction in Piggie's sentence and any argument that the officer's act of leniency was motivated by ill-will is frivolous.

Accordingly, we MODIFY the judgment of the district court to dismiss the case without prejudice, and AFFIRM as MODIFIED.