United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 6, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-10524
Summary Calendar

———————————————

JESUS ANTONIO ARBALLO-MARQUEZ,

Petitioner-Appellant,

versus

STATE OF TEXAS,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:02-CV-00204
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jesus Antonio Arballo-Marquez (Arballo), currently federal
prisoner # 33643-077, seeks to appeal the district court's denial
of his purported 28 U.S.C. § 2241 petition challenging a state
court drug conviction that was used to enhance his current
federal sentence for illegal reentry following deportation.  The
State of Texas, the respondent-appellee in this action, has moved
for leave to supplement the record.  This motion is GRANTED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The respondent also moves for dismissal of the appeal, asserting that because the district court lacks jurisdiction, this court lacks jurisdiction as well. This court may review a district court's determination that it lacked subject matter jurisdiction over a case. See Home Builders Ass'n of Miss. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998). However, a review of the arguments presented by the respondents, of the appellate brief submitted by Arballo, and of the record reveal that Arballo's arguments against the district court's rulings are frivolous. Because Arballo is no longer "in custody" for his state sentences, he may not proceed under 28 U.S.C. § 2254. See Pleasant v. Texas, 134 F.3d 1256, 1258 (5th Cir. 1998). Arballo may not proceed under 28 U.S.C. § 2241 because he is challenging errors occurring before his trial and sentencing rather than the execution of his sentence. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.), cert. denied, 534 U.S. 1001 (2001). Arballo may not proceed under 28 U.S.C. § 2255 because he did not file his action in the sentencing court and because he did not name his current custodian as the respondent. See 28 U.S.C. § 2255 ¶ 1; Pleasant, 134 F.3d at 1258.

This court may dismiss an appeal upon review of an interlocutory motion if the appeal appears frivolous. 5TH CIR. R. 42.2. Therefore, the respondent's motion to dismiss is GRANTED, and Arballo's appeal of his 28 U.S.C. § 2241 petition is DISMISSED.