**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 14, 2011

Lyle W. Cayce
Clerk

No. 10-60065
Summary Calendar

LEOPOLDO AGUADO-GUEL,

Petitioner-Appellant

v.

BRUCE PEARSON,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:09-CV-93

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Leopoldo Aguado-Guel, federal prisoner # 07534-010, appeals the district court's dismissal of his 28 U.S.C. § 2241 application. Aguado-Guel contends that his 1993 Texas conviction for unauthorized use of a motor vehicle (UUMV) was defective, and he seeks correction of that conviction. He asserts that his 1993 UUMV conviction was the basis for his removal from the United States and was later used to enhance his sentence on a 2006 illegal reentry conviction that he sustained in the United States District Court for the Western District of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Arkansas. He explicitly states that he only wishes to challenge the defectiveness of his 1993 UUMV conviction, but he also briefs arguments that he received ineffective assistance of counsel with respect to his illegal reentry case and that his illegal reentry sentence was improperly enhanced by his 1993 UUMV conviction.

Aguado-Guel has also filed a motion for production of documents, seeking the transcript of (1) his guilty plea and sentencing hearings in his illegal reentry case; (2) his guilty plea and sentencing hearings in his 1993 UUMV case; and (3) his April 14, 1999 parole hearing before the Texas Board of Pardons and Paroles. He contends that those transcripts would help demonstrate the merits of his claims.

There was no error in the district court's decision. Although Aguado-Guel sought to proceed under § 2241, his allegations stated claims falling only under the province of 28 U.S.C. §§ 2254 and 2255. The district court did not err in determining that it lacked jurisdiction under § 2254 to consider a claim seeking invalidation of Aguado-Guel's 1993 UUMV conviction. *See Pleasant v. State of Texas*, 134 F.3d 1256, 1257-58 (5th Cir. 1998). The district court also did not err in determining that it lacked jurisdiction to consider a challenge under § 2255 to Aguado-Guel's illegal reentry conviction and sentence. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). As determined by the district court, § 2255 was the proper avenue for bringing Aguado-Guel's factual allegations relating to his illegal reentry conviction and sentence, as those allegations concerned the validity of that conviction and sentence and not the manner in which the sentence was being executed. *See Pack*, 218 F.3d at 452. Aguado-Guel's factual allegations did not satisfy the requirements of savings clause of § 2255(e), and he therefore was unable to avail himself of § 2241 relief with respect to his illegal reentry conviction and sentence. *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *Pack*, 218 F.3d at 452-53.

No. 10-60065

The district court's judgment is AFFIRMED, and Agaudo-Guel's motion for production of documents is DENIED.