# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-51130

United States Court of Appeals
Fifth Circuit

**FILED**

October 1, 2015

Lyle W. Cayce
Clerk

CARLOS RUBEN ZUNIGA,

Petitioner-Appellant

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL; KEN PAXTON, Texas
Attorney General; THOMAS W. HUSSEY, United States Department of
Justice,

Respondents-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CV-326

Before CLEMENT, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Carlos Ruben Zuniga, federal prisoner # 34086-177, is serving a 60-month sentence for illegal reentry. Zuniga appeals the district court's denial of his 28 U.S.C. § 2241 petition. The district court determined that Zuniga's § 2241 petition was a successive 28 U.S.C. § 2254 petition for which Zuniga

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51130

had not obtained authorization to proceed and dismissed the petition for lack of jurisdiction.

We are now presented with Zuniga's request for a certificate of appealability (COA) and motion for appointment of counsel. However, because Zuniga sought relief under § 2241, he does not need a COA in order to appeal. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). His COA motion is denied as unnecessary.

On review of the denial of a § 2241 petition, we review the district court's factual findings for clear error and its conclusions of law de novo. *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003). Section 2241 is the proper procedural vehicle by which a federal prisoner may challenge "the manner in which a sentence is executed." *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005) (internal quotation marks and citation omitted). A § 2254 petition is the proper vehicle for a state prisoner challenging the validity of his state conviction or sentence in order to obtain release from custody. *See Felker v. Turpin*, 518 U.S. 651, 662 (1996). For an individual seeking to "collaterally attack[] a federal sentence," § 2255 provides "the appropriate remedy for errors that occurred at or prior to the sentencing." *Padilla*, 416 F.3d at 425-26 (internal quotation marks and citation omitted). Because Zuniga challenges the validity, rather than the execution, of his sentence, his petition is properly construed under § 2254 or 28 U.S.C. § 2255, rather than under § 2241.

The district court construed Zuniga's petition as arising under § 2254 and dismissed it as successive. Because Zuniga has fully discharged the state sentence he complains of and is currently in custody for a federal conviction, he cannot challenge his state conviction by way of a § 2254 petition. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989); *Pleasant v. State of Tex.*, 134 F.3d 1256, 1257-59 (5th Cir. 1998). However, Zuniga's petition can be construed as

No. 14-51130

a challenge under § 2255 to his current federal sentence as enhanced by the prior discharged state sentence. *See Maleng*, 490 U.S. at 493; *Pleasant*, 134 F.3d at 1258-59. As Zuniga has not filed a prior § 2255 motion challenging his 2015 illegal reentry conviction, his motion would not be successive.

Even so, we may affirm the denial of habeas relief "on any ground supported by the record." *Scott v. Johnson*, 227 F. 3d 260, 262 (5th Cir. 2000). The dismissal of Zuniga's petition was proper because a defendant may not proceed via § 2255 until his conviction has been affirmed on direct appeal. *See United States v. Bernegger*, 661 F.3d 232, 241 (5th Cir. 2011). Zuniga's direct criminal appeal is currently pending. Thus, Zuniga has not shown that the district court erred in its dismissal of his § 2241 petition. His motion for appointment of counsel is denied.

AFFIRMED; MOTION FOR A COA DENIED AS UNNECESSARY; MOTION FOR APPOINTMENT OF COUNSEL DENIED.