IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60441
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY LEROY RUSSELL, also known as Tony Wilson, also
known as Stone Russell, also known as Anthony Russell,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:99-CR-119-ALL-LS
--------------------
March 9, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Anthony Leroy Russell appeals from his guilty-plea
conviction, for being a convicted felon in possession of a
firearm, and sentence, which was enhanced under the Armed Career
Criminal Act of 1984 (ACCA).  See 18 U.S.C. §§ 921(g), 924(e).

Russell argues that the district court erred by enhancing
his sentence pursuant to 18 U.S.C. § 924(e) because one of the
three required prior convictions is constitutionally infirm.  He
asserts that the evidence supporting his prior conviction for

_____

        *  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

possession with the intent to distribute cocaine is sufficient to support only a conviction for simple possession of cocaine.  With the exception of a claim concerning a conviction obtained in violation of the Sixth Amendment right to counsel, see Gideon v. Wainwright, 372 U.S. 335 (1963), a defendant subject to a 18 U.S.C. § 924(e) sentence cannot challenge at the federal sentencing hearing the validity of the prior convictions upon which the 18 U.S.C. § 924(e) sentence rests.  United States v. Custis, 511 U.S. 484, 493-96 (1994).

Russell's reliance on United States v. Clark, 203 F.3d 358, 363 (5th Cir. 2000), petition for cert. filed, (July 21, 2000) (No. 00-122), is misplaced.  Clark was an appeal from the dismissal of a 28 U.S.C. § 2255 motion.  203 F.3d at 362.  This court held that a  defendant "who wishes to challenge a federal sentence that has been enhanced under the ACCA by allegedly unconstitutional prior state convictions, for which the prisoner is no longer 'in custody,' may do so through a section 2255 motion."  Pack v. Yusuff, 218 F.3d 448, 454 (5th Cir. 2000) (footnote omitted) (stating the holding of Clark).  Collateral relief from the prior Mississippi conviction is unavailable to Russell on direct appeal from his federal conviction and sentence.  See Clark, 203 F.3d at 365-67 (interpreting Custis).

We express no opinion on the appropriate disposition if Russell seeks relief through a 28 U.S.C. § 2255 motion.

AFFIRMED.