IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-10538

_____

ROBERT EDWARD BRATTAIN,

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

Appeal from the United States District Court for
the Northern District of Texas
(USDC No. 3:97-CV-1695-D)
_____

November 27, 2001

Before REAVLEY, HIGGINBOTHAM and PARKER, Circuit Judges.

REAVLEY, Circuit Judge:[*]

Petitioner Brattain appeals dismissal of his habeas petition based on his failure to

satisfy the in-custody requirement of 28 U.S.C. § 2254.   We hold that Brattain is in

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5TH CIR. R. 47.5.4.

custody for habeas purposes, but conclude that he has failed to demonstrate a substantial showing of a denial of a constitutional right and therefore deny his request for a certificate of appealability (COA) on the merits of his petition and affirm.

*Background*

This case involves two convictions. Brattain's first conviction was for aggravated assault in 1991. He was sentenced to ten years, and released on parole in 1994.

Brattain pleaded guilty to the second offense, a misdemeanor, in 1996. He was sentenced to a year for this offense. Because of this incident, Brattain's parole was revoked and he was reincarcerated on the 1991 offense. It is in dispute whether Brattain's parole was revoked solely because of the 1996 conviction or because the conduct he was accused of violated the terms of his parole independent of the conviction.

Although Brattain pleaded guilty to the 1996 conviction, he intended to appeal it. Despite this fact, no notice of appeal was filed. Before entering his guilty plea, Brattain, who was represented at the time, contested the introduction of certain evidence that led to the conviction. The evidence was admitted. Brattain contends that his attorney at the time told him he would appeal the denial of a motion to suppress the evidence after the guilty plea. Brattain contends that his attorney failed to appeal the conviction and did not tell Brattain of this decision. After the deadline to file a notice of appeal had passed,

2

Brattain filed a *pro se* motion for extension of time, but it was denied.

Brattain then contested the 1996 conviction through state habeas. In the state habeas petition, Brattain argued that his counsel had been ineffective and that his plea was involuntarily induced by his reliance on his attorney's promise to appeal the evidentiary issue. The state district court held against Brattain on the merits, crediting the testimony of Brattain's attorney over Brattain's and concluding that representation had been constitutionally sufficient.

In the meantime, two things happened: Brattain filed the federal habeas petition at issue here and he finished serving his sentence for the 1996 conviction. Eventually, a magistrate judge concluded that Brattain's petition should be dismissed for lack of jurisdiction because Brattain was not in custody when he filed his federal habeas petition. The magistrate also conducted an evidentiary hearing into the merits of the petition and alternatively concluded that the petition be denied on the merits. The district court adopted the magistrate's report and issued an order dismissing the petition. The district court denied a COA. Brattain appealed the denial of the COA. By order dated October 5, 2000, this circuit issued a COA holding that Brattain had demonstrated reasonable jurists could debate whether the district court erred in determining that he did not meet the in-custody requirement. Despite the fact that the district court adopted the magistrate's alternative finding that Brattain's claims failed on their merits in its order of April 24, 2000, the COA concluded that the district court dismissed "solely on the

3

grounds of lack of jurisdiction and did not reach the merits of his constitutional

arguments." Accordingly, the COA was granted only as to the "in-custody" issue.

*Was Brattain in Custody?*

A recent Supreme Court decision, *Lackawanna County Dist. Attorney v. Coss*,[1]

which was decided after the district court's order, addresses some of the issues in this

case. In *Lackawanna*, the defendant Coss was convicted of Pennsylvania state crimes in

1986.[2] He served his time and was later convicted of another state crime. In calculating

the sentence on the second crime, the court considered, but ultimately did not change its

sentence because of, Coss's prior convictions.[3] Coss filed for habeas relief challenging

the earlier, 1986 convictions, even though he was no longer incarcerated because of them.

The Court concluded that although Coss was not technically in custody for the 1986

convictions, he was in custody for the later convictions, and that he therefore satisfied the

in-custody requirement of § 2254.[4] Furthermore, the Court noted that although Coss's

petition nominally attacked the 1986 convictions, it should be construed as attacking the

---

[1] 121 S. Ct. 1567 (2001).

[2] *Id*. at 1570-71.

[3] *See id*. at 1571.

[4] *See id*. at 1573.

4

later conviction, and that therefore Coss satisfied the in-custody requirement.[5] In allowing Coss to avoid the in-custody requirement by showing that the conviction he was challenging had adversely affected the sentence that he was actually serving under another conviction, *Lackawanna* accorded with prior decisions of this and other circuits.[6]

*Lackawanna* went on, however, to describe two additional requirements for petitions like Coss's. First, the Court noted that where a petition challenges a conviction that has affected the sentence for which the petitioner is in custody, the petitioner cannot challenge the first conviction if it "is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully)."[7] Second, the Court noted that in cases such as Coss's, the petitioner must show that the earlier conviction had "adversely affected" the sentence served for the second conviction[8] for a court to hear a

---

[5] *See id*. at 1572-73.

[6] *See, e.g.*, *United States v. Clark*, 203 F.3d 358, 364 (5th Cir. 2000), *vacated on other grounds*, 121 S. Ct. 1731 (noting that "This Court and other Courts of Appeals have uniformly [held that] . . . as long as the habeas relief sought is framed as an attack on a present sentence, as to which the prisoner is still 'in custody,' then the expired conviction used to enhance that sentence may be challenged," and counting cases).

[7] *See Lackawanna*, 121 S. Ct. at 1574. This rule is subject to two exceptions: where counsel was not appointed for indigent defendants, and where the habeas petition in question is, effectively, the first and only forum available for review of the prior conviction. *See id*. at 1574-75.

[8] *See id.* at 1575-76.

challenge to the earlier conviction. The Court described this issue as a "threshold" issue of fact.[9] Because Coss could not make this showing, his petition was dismissed.[10]

Under *Lackawanna*, in order for Brattain to apply his incarceration under the 1991 conviction towards avoiding the in-custody bar to challenging the 1996 conviction, he must show that his parole was revoked because of the 1996 conviction. This issue is disputed by the parties. Respondent-Appellee Johnson[11] argues that the parole board might have revoked parole based on independent information involving the criminal episode for which Brattain was convicted in 1996, and not relied on the conviction at all. Brattain contends the opposite.

Our review of the record demonstrates that Brattain has made a reasonable showing that his 1996 conviction caused the revocation of his parole.[12] Accordingly, we conclude that Brattain was in custody under § 2254.

---

[9] *See id.* at 1575.

[10] *See id.* at 1576.

[11] When Brattain filed his habeas petition, the Director of Texas's Department of Criminal Justice, Institutional Division was Gary L. Johnson. After the briefs on appeal were filed, Johnson was replaced by Janie Cockrell and the cause was re-styled accordingly. To be consistent with the briefs and prior orders, we refer to Johnson as the Respondent-Appellee.

[12] The Findings and Conclusions of Law issued by Brattain's hearing officer showed no consideration of evidence that Brattain engaged in conduct that violated parole conditions except for the indictment and judgment against him.

*Brattain's Constitutional Claims*

As noted above, the magistrate's Report and Recommendation, which was adopted by the district court, recommended that Brattain's claims be denied on the merits. In a prior decision we erroneously concluded that the district court denied Brattain's petition solely because he was not in custody, when, in fact, the district court reached the merits of Brattain's petition. In his request for a COA, Brattain asked that his constitutional claims be certified for appeal. Because we did not address this request in our prior order, we do so now.

28 U.S.C. § 2253(c)(2) mandates that a COA will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." If the district court rejects the constitutional claims on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[13] Furthermore, "the determination of whether a COA should issue must be made by viewing the petitioner's arguments through the lens of the deferential scheme laid out in 28 U.S.C. § 2254(d)."[14] This means that while we presume factual determinations made by the state courts to be correct, the petitioner can rebut this

---

[13] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

[14] *Barrientes v. Johnson*, 221 F.3d 741, 772 (5th Cir. 2000).

7

presumption by clear and convincing evidence.[15]  But absent an unreasonable

determination in light of the record, we will defer to the state court's fact findings.[16]

Brattain asserts two constitutional claims: that he was denied effective assistance

of counsel and that his guilty plea was involuntarily induced by his reliance on his

attorney's promise to appeal his guilty plea.  Both of these claims turn on Brattain's

assertion that his lawyer promised him that he would appeal from the 1996 conviction.  In

front of the District court, and at the evidentiary hearing conducted by the federal

magistrate, Brattain testified that he only pleaded guilty because before entering the plea,

his attorney, Tim Banner, promised to appeal the conviction without further payment

from Brattain.  Brattain testified that soon after he entered his plea, Banner again

promised that he would handle the appeal without further payment, and that because of

this Brattain did not timely file a notice of appeal or request appointed counsel.  Brattain

said that only after it was too late did Banner tell him that he had not filed a notice of

appeal and that it would cost Brattain an additional $1500 if he wanted Banner to do so.

Thus, Brattain argues, he lost his right to appeal because of his reliance on Banner.

Brattain further asserts that, because there was a good chance that the evidentiary issue

that was decided against him would be reversed on appeal, he was prejudiced by

Banner's failure to appeal.

---

[15] *See Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000).

[16] *See id.* at 740.

Banner's testimony, provided through affidavit in front of the state court and through his oral testimony at the federal evidentiary hearing, directly contradicts Brattain's. Banner testified that in his opinion, appealing the guilty plea would have been futile because the evidence that was deemed admissible was not central to the case against Brattain. Banner also testified that he told Brattain both that he thought an appeal was futile, and that he would not file a notice of appeal unless Brattain paid him more money. Banner testified that he told Brattain this before the deadline to file a notice of appeal had passed.

Both the state and federal courts below credited Banner's testimony over Brattain's. The magistrate found that, while there was still time to file a notice of appeal, Banner informed Brattain that he would not filed a notice of appeal unless he were paid, and that Brattain failed to inform Banner or the judge that he was indigent and therefore required court-appointed counsel. Because this finding is supported by Banner's testimony, it is reasonable. And because Brattain's constitutional claims turn on his assertion that Banner misled him, we must conclude that, under the appropriate standard of review, Brattain has failed to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Accordingly, we deny Brattain a COA on the merits of his constitutional claims and affirm the judgment of the district court denying habeas relief.

Application DENIED; Judgment AFFIRMED.

9