IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 98-20550

———————————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

        versus

JAMES CLIVE CLARK, JR.,

                                        Defendant-Appellant.

———————————————

Appeal from the United States District Court
for the Southern District of Texas

———————————————

February 26, 2002

ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES

Before GARWOOD, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:

        This proceeding under 28 U.S.C. § 2255, in which defendant-appellant James Clive Clark, Jr. (Clark) attacks his 1992 fifteen year sentence under the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e)(1), imposed upon his conviction for a violation of 18 U.S.C. § 922(g), is now before us again on remand from the

United States Supreme Court.

As reflected in our prior opinion, *United States v. Clark*, 203 F.3d 358 (5th Cir. 2000), to which we refer for a fuller statement of the background facts and proceedings, Clark contended in his section 2255 petition, which he filed in April 1997, that the necessary three prior convictions used to enhance his 1992 sentence under the ACCA were constitutionally invalid because they were supported by no evidence of his guilt. The prior convictions were rendered in 1983 in a single proceeding in a Texas court in Tarrant County, Texas, and Clark was sentenced to five years' imprisonment, suspended for ten years probation, on each of three separate offenses of conviction, the sentences to run concurrently. Clark was represented by counsel in those proceedings. He never filed any direct appeal of those state convictions. His probation was revoked in 1986. Clark did not appeal or otherwise challenge his probation revocation. At the 1986 probation revocation hearing, at which he was represented by counsel, Clark was ordered to serve five years in the Texas Department of Corrections (TDC). In 1987 he was paroled from TDC, with a scheduled parole expiration date of February 6, 1991.

On August 9, 1990 Clark was arrested by Drug Enforcement Administration agents for trafficking in marihuana and carrying a pistol. On July 8, 1991 a federal grand jury in the Southern District of Texas indicted him for the instant section 922(g)

offense committed August 9, 1990. Clark, represented by counsel, ultimately pleaded guilty and, based upon his three mentioned 1983 Texas convictions, was sentenced in 1992 by the United States District Court for the Southern District of Texas to fifteen years confinement.[1] On direct appeal, Clark's counsel submitted a brief under *Anders v. California*, 87 S.Ct. 1396 (1967), and in January 1994 we accordingly dismissed the appeal in an unpublished order. In September 1996 Clark, through counsel, filed in the Texas courts a habeas corpus petition for post-conviction relief under Tex. Code Crim. P. § 11.07, in which he attacked his three 1983 state convictions as each being supported by constitutionally insufficient evidence; the state trial court refused to hold an evidentiary hearing and recommended that relief be denied; the Texas Court of Criminal Appeals refused to docket the case. This 1996 state habeas is the first attack made by Clark in any court on any of his three 1983 Texas convictions.

Thereafter, in April 1997 Clark filed the instant section 2255 proceeding in the convicting district court in which, among other unrelated complaints, he challenged his 1992 fifteen year sentence under the ACCA on the basis that each of the three predicate

---

[1]In June 1991 Clark was convicted in Texas court of illegal drug trafficking based on the August 9, 1990 transaction and was sentenced to 15 years in the TDC.
Clark has been, and is apparently still, serving his 1992 federal sentence at the Federal Correctional Institution in Memphis, Tennessee.

3

convictions-the 1983 Texas convictions-was constitutionally invalid as being based on insufficient evidence.  He also alleged that as a result of his unsuccessful 1996 state habeas attack on his 1983 state convictions "[m]ovant has no further avenue of attack available in state court."

The district court held that the petition was timely, but denied relief and dismissed the petition. *United States v. Clark*, 996 F.Supp. 691 (S.D. Tex. 1998).  The court did not determine whether the 1983 state convictions were or were not constitutionally valid (or whether an attack on them was barred by conventional procedural default doctrine).  It held that the Supreme Court's opinion in *Custis v. United States,* 114 S.Ct. 1732 (1994), precluded Clark's section 2255 challenge to his 1983 state convictions that were used to enhance his current federal sentence under the ACCA.  However, the dismissal was without prejudice to Clark's ability to refile for section 2255 relief in the event any of the 1983 state convictions were subsequently vacated or otherwise expunged in a proceeding under 28 U.S.C. § 2254 in the Northern District of Texas (which includes Tarrant County, where the 1983 convictions took place).  The court did not expressly determine whether Clark had exhausted his state remedies or whether he was (or had been at any time since his federal indictment) in state custody pursuant to those 1983 convictions so that a federal court would have jurisdiction pursuant to section 2254 over a

4

challenge to them.

On Clark's appeal to this court, we held that *Custis* did not bar section 2255 relief based as a challenge to the constitutional validity of the 1983 state convictions used to enhance his federal sentence, so long as Clark had both exhausted his state remedies as to the 1983 convictions and was not in state custody pursuant to them for purposes of a section 2254 challenge to them. We thus directed the district court to determine the exhaustion and "in custody" questions, and stated: "If Clark has exhausted his state remedies and if he is not "in custody" for purposes of a section 2254 challenge to his 1983 state convictions, then the district court should address Clark's section 2255 petition." 203 F.3d at 370. We vacated the district court's judgment and remanded the case for further proceedings consistent with our opinion.

The Supreme Court granted the Government's petition for writ of certiorari, vacated the judgment of this court, and remanded the case to this court "for further consideration in light of *Daniels v. United States*, 532 U.S. ___, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001)." *United States v. Clark*, 121 S.Ct. 1731 (2001).

The Supreme Court's holding in *Daniels* is reflected in the following portions of its opinion there, viz:

> "In *Custis v. United States*, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), we addressed whether a defendant sentenced under the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e), could collaterally attack the validity of previous state convictions used to enhance his federal sentence. We held that, with the

5

sole exception of convictions obtained in violation of the right to counsel, a defendant has no right to bring such a challenge in his federal sentencing proceeding. 511 U.S. at 487, 114 S.Ct. 1732. We now consider whether, after the sentencing proceeding has concluded, the individual who was sentenced may challenge his federal sentence through a motion under 28 U.S.C. § 2255 (1994 ed., Supp. V) on the ground that his prior convictions were unconstitutionally obtained. We hold that, as a general rule, he may not." *Id.* 121 S.Ct. at 1580.

. . .

"After an enhanced federal sentence has been imposed pursuant to the ACCA, the person sentenced may pursue any channels of direct or collateral review still available to challenge his prior conviction. . . . If any such challenge to the underlying conviction is successful, the defendant may then apply for reopening of his federal sentence. As in *Custis*, we express no opinion on the appropriate disposition of such an application. Cf. *ibid.*

If, however, a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse. . The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255." *Id.* 121 S.Ct. at 1583.

The Supreme Court noted, as it had in *Custis*, an exception for cases in which the prior conviction is attacked on the basis that the defendant was denied counsel contrary to *Gideon v. Wainwright*, 372 U.S. 335 (1963). *Daniels* states in this respect: "A defendant may challenge a prior conviction as the product of a *Gideon* violation, in a § 2255 motion, but generally only if he raised that claim at his federal sentencing proceeding." *Id.* 121 S.Ct. at

6

1583.

It is thus clear that our prior opinion is contrary to the "general rule" stated in *Daniels* for cases, such as the present one, not involving a *Gideon* attack on any prior conviction used for enhancement. However, in *Daniels* the Supreme Court indicated that there might be an exception to its "general rule": "We recognize that there may be rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own. The circumstances of this case do not require us to determine whether a defendant could use a motion under § 2255 to challenge a federal sentence based on such a conviction." *Id*. 121 S.Ct. at 1584 (footnote omitted).[2] The possibility of such an exception was also discussed, but likewise ultimately not ruled on, in *Lackawana County Dist. Attorney v. Coss*, 121 S.Ct. 1567 (2001), decided the same day as *Daniels* and presenting a *Daniels* type issue in the context of a section 2254 challenge to a state sentence on the ground that it was based on prior convictions which were constitutionally invalid (for reasons other than *Gideon* error). Justice O'Connor's opinion in *Coss* gives the following explanation of this possible exception to the *Daniels* "general rule," viz:

---

[2]*See also id*. at 1580: "There may be rare circumstances in which § 2255 would be available, but we need not address the issue here."

7

"The general rule we have adopted here and in *Daniels* reflects the notion that a defendant properly bears the consequences of either forgoing otherwise available review of a conviction or failing to successfully demonstrate constitutional error. . . . It is not always the case, however, that a defendant can be faulted for failing to obtain timely review of a constitutional claim. For example, a state court may, without justification, refuse to rule on a constitutional claim that has been properly presented to it. . . . Alternatively, after the time for direct or collateral review has expired, a defendant may obtain compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner. . . . In such situations, a habeas petition directed at the enhanced sentence may effectively be the first and only forum available for review of the prior conviction. As in *Daniels*, this case does not require us to determine whether, or under what precise circumstances, a petitioner might be able to use a § 2254 petition in this manner." *Coss*, 121 S.Ct. at 1575.

It is clear that even if the Supreme Court were to recognize the above noted potential exception to the "general rule" of *Daniels* for attacks on a sentence as based on one or more prior convictions claimed (but not previously adjudicated) to be constitutionally invalid on grounds other than *Gideon*, nevertheless such an exception would not be available to Clark here. That is so because he never attempted any attack, by direct appeal or otherwise, on his challenged 1983 state convictions (at which he was represented by counsel) until 1996, some four years after the federal sentence he seeks to attack in his 1997 section 2255 petition as having been enhanced by the allegedly invalid 1983 state convictions. The grounds of Clark's attack on the 1983 state convictions–alleged insufficiency of evidence–were necessarily

8

knowable to Clark at the time.  Clark has not demonstrated that prior to his 1991 federal indictment there was "no channel of review actually available to" him, *Daniels* at 1584, with respect to the 1983 state convictions or that he may not properly "be faulted for failing to obtain timely review", *Coss* at 1575, of his claims respecting those 1983 convictions.

We therefore conclude that our prior disposition is contrary to *Daniels*.  Accordingly, our prior opinion and judgment is withdrawn and the judgment of the district court is

AFFIRMED.